Redmon v. The Commonwealth.

---

CASE 55—VERDICT BY LOT—OCTOBER 2, 1884.

## Redmon v. The Commonwealth.

APPEAL FROM BOURBON CIRCUIT COURT.

Appellant having been found guilty of manslaughter, moved for a new trial upon the ground that the verdict of the jury was obtained by lot. The motion was overruled.

1. *Held*—This court has no revisory power to act upon the alleged error. The jurisdiction of this court is limited and does not include the error complained of.
2. The opinion of this court in Paducah and Elizabethtown R. R. Co. v. The Commonwealth, 80 Ky., 148, is overruled.

OFFUTT & FORD, W. H. WADSWORTH, W. C. P. BRECKIN-RIDGE, G. C. LOCKHART, FOR APPELLANT.

1. Verdicts found by lot are the issue of ignorance, passion or indifference.
2. They are illegal at common law. The fact that the verdict in this case was so found, appears properly upon the record, and is as much a part of it as any other fact.
3. That this court has jurisdiction to hear the error and reverse upon it, is clear, and has been decided by this court in Paducah and Elizabethtown R. R. Co. v. The Commonwealth, 80 Ky., 148, and such is the fair and necessary construction of the Criminal Code. (Rutherford's Case, 78 *Ib.*, 641; Jewell's Case, 13 Bush, 251; Commonwealth v.

Grady, 4 Met., 222; Same v. Shields, 2 Bush, 82; 10 Bush, 476; 11 *Ib.*, 277; Wharton's Crim. Ev., section 405; Johnson's Case, 9 Bush, 227; Coppage's Case, 3 *Ib.*, 532; Kennedy's Case, 4 Bush, 361; Crittenden's Case, 82 Ky.; 2 Met., 297; 1 Root, 194; 2 Dall., 55; 23 Cal., 23; 10 Wend, 595; 45 N. H., 408; 39 Cal., 485; 6 Smed. & Mar., 55; Thompson & Mirnam on Juries, section 409; 1 Bibb, 398; 3 Bush, 32.)

P. W. HARDIN. Attorney General, for appellee.

No brief in the record.

CHIEF JUSTICE HINES delivered the opinion of the court.

From a conviction and sentence to the penitentiary for nine years on the charge of murder, this appeal is taken.

The principal ground relied upon for reversal is that the verdict of the jury was arrived at by lot. It appears that there was no difference of opinion among the jury as to the guilt of appellant, and no individual opinion expressed as to the character of punishment that should be inflicted, when it was agreed that each juror should write upon a slip of paper the length of time he thought the accused should be confined in the penitentiary, and that these sums, when added together and divided by twelve, should be the verdict they would return. The result was nine years and some months, but by common consent the months were dropped, and a verdict for nine years, as the result of the agreement, was returned.

Jurors were examined under authority of section 272, of the Criminal Code, to establish the fact that the verdict was arrived at by lot, and the question presented for the consideration of the trial court for the first time on the motion for a new trial.

Section 280 provides that either party may except to

.any. decision of the court by which the substantial rights of the party are prejudiced. But section 281 provides that: "The decision of the court upon challenges to the panel, and for cause, upon motions to set aside an indictment, and upon motions for a new trial, shall not be subject to exception." Section 282 provides that the exceptions shall be shown upon the record by a bill of exceptions, prepared as in civil cases. Section 340, as amended, reads: "A judgment of conviction shall be reversed for any error of law appearing on the record, when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby."

From these provisions of the Code the jurisdiction of this court to try and determine felony cases is derived. The Constitution confers no jurisdiction upon this court in such cases, but authorizes the Legislature to grant such jurisdiction as it may think proper. We .have no more right to depart from or to enlarge the limits of the jurisdiction, as prescribed by statute, than we would have to assume jurisdiction in case the Legislature had seen fit not to confer any appellate jurisdiction. (Rutherford v. Commonwealth, 78 Kentucky.) ·The Code, as quoted, provides that we may consider and reverse in criminal cases where the error appears on the record by bill of exceptions, presented in the manner prescribed, and also provides that the error here complained of (overruling a motion for new trial) shall not be subject to exception. We can no more consider an alleged error so presented than we could a case in which there was no bill of exceptions, for in fact a bill of exceptions not authorized is no bill. We have

nothing to do with the policy or impolicy of conferring jurisdiction, in criminal cases, upon this court, whether limited or unlimited. That belongs to the legislative department. Errors such as that complained of here were left to the discretion of the lower or trial court, where the whole jurisdiction might have been left, if the Legislature should have thought proper.

This construction was placed by this court upon the Code as early as the sixteenth of October, 1878 (Kennedy v. Commonwealth, 14 Bush), and was uniformly followed until the case of Paducah and Elizabethtown R. R. Co. v. Commonwealth, 80 Ky., decided March 9, 1882. The opinion in that case does not discuss the question of the construction of the Code and the jurisdiction of this court, but decides a question similar to the one presented here, and adversely to a long line of opinions and contrary to the views herein expressed. That case is overruled.

The other question presented, if presenting technical error, the error does not appear to have been prejudicial to the substantial rights of the accused, and, therefore, not a cause for reversal.

Judgment affirmed.