## J. T. DRAKE v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—529.]

**Motion for a New Trial in Criminal Cause.**

> A motion for a new trial on account of newly discovered evidence will not be granted when it would only serve to contradict two or three witnesses who testified as to at least a portion of the circumstances of the killing by showing that they were not immediately present, and the transaction was otherwise fully proved by uncontradicted testimony.

### APPEAL FROM MONROE CIRCUIT COURT.

January 7, 1886.

OPINION BY JUDGE HOLT:

This case was continued so often for the appellant that a reversal would not be authorized unless it clearly appeared that the lower court had erred in this respect. The testimony of the two absent witnesses would, however, have availed him nothing. By one he proposed to show that he had surrendered himself to an officer in a county different from that in which the killing was done, and by the other that the deceased had told him that he and the appellant had had one difficulty and if they had another he intended to kill the appellant. It appears, however, that the appellant went to the house where the deceased was staying and used some offensive language, invited him out and over the yard fence to fight; that thereupon the deceased got over the fence and a fight took place, during which the appellant stabbed the deceased. Under these circumstances any previous threat of the deceased toward the appellant could not have aided the latter in his defense. The law of the case was correctly given to the jury, and even admitting that the alleged newly discovered evidence, which was urged as a ground for a new trial, was material, yet a decision of the lower court upon a motion for a new trial is not subject to exemption. Crim. Code 1876, § 281; *Redmon v. Commonwealth,* 82 Ky. 333, 6 Ky. L. 227. It would, however, only have served to contradict two or three witnesses, who testified as to at least a portion of the circumstances of the killing, by showing that they were not imme-

diately present. The transaction was otherwise fully proved and by uncontradicted testimony.

Judgment *affirmed*.

*P. W. Hardin, for appellee.*