CASE 100—INDICTMENT FOR HAVING AND KEEPING IN POSSESSION BUR-
GLARS' TOOLS, WITH INTENT TO USE THEM BURGLARIOUSLY—
MAY 10.

## Curtis v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

JUDGMENT OF CONVICTION AND DEFENDANT APPEALS.    AFFIRMED.

CRIMINAL LAW—REVERSIBLE ERRORS—CHALLENGES TO PANEL—ERROR
IN REFUSING NEW TRIAL—PLEA OF GUILTY—ASSURANCE OF PROSE-
CUTING ATTORNEY AS TO TERM OF CONFINEMENT.

Held:    1. It was improper for the judge of a court of continuous session to select the petit jury for a certain month from a list of names previously drawn from the wheel, instead of drawing the names from the wheel at the time, as required by the statute; but there can be no reversal in a criminal case for the error of the court in overruling a challenge to the panel on that ground, it being provided by Criminal Code Practice, section 281, that "the decisions of the court upon challenges to the panel, and for cause, upon motions to set aside an indictment, and upon motions for a new trial, shall not be subject to exception."

2. In a criminal case matters first presented to the trial court by a motion for new trial can not be reviewed on appeal, as an error in overruling a motion for new trial is not subject to exception.

Curtis v. Commonwealth.

3. The fact that the jury fixed defendant's term of confinement at five years, when the Commonwealth's attorney had induced him to enter a plea of guilty by the assurance that the jury would give him the minimum term of two years, did not entitle him to a new trial, as the Commonwealth's attorney recommended the minimum term, which was all he could do; and, therefore, there could be no reversal on that ground, even if that matter could be reviewed on appeal.

A. J. SPECKERT, ATTORNEY FOR APPELLANT.

In appellant's motion for a new trial in the lower court, he · gave six reasons why a new trial should be granted and the same reasons are now urged for a reversal of that judgment, as follows:

1. Because the court erred in overruling defendant's motion to discharge the entire panel of the petit jury summoned for the month of February, because said jury and the entire panel thereof were not summoned, made up, or drawn, as required by law.

2. Because the defendant was led to plead guilty on the promise of the police officers and the Commonwealth's attorney, that he should receive only two years in the penitentiary.

3. Because the jury who tried him were guilty of misconduct and breach of faith in violating the statement and recommendation of the Commonwealth's attorney, that the defendant should only be given two years in the penitentiary.

4. Because the verdict is against the law and the evidence.

5 Because the defendant has not had a fair and impartial trial.

6. For reasons shown in his affidavit filed, I take this position that when the attorney for the Commonwealth and the attorney for the accused agree as to the number of years that the defendant shall serve in the penitentiary, then there is nothing for the judge to do other than to direct the jury to render a verdict according to that agreement, and it was error for the court to instruct the jury that appellant's punishment could be fixed at any time between two and ten years.

## AUTHORITIES CITED.

General Statutes, chap. 74, sec. 2243; Resner v. Com., 16 Ky. ◆ Law Rep., 84; 95 Ky., 539; Smith v. Com., 21 Ky. Law Rep., 1472; Patterson v. State, 7 Am. Cr. Rep., 306; Wells v. State, 94 Ala., p. 1; Wilkins v. State, 21 Southern, 56; State v. Madagin, 48 Ind., 416, or 1 Am. Cr. Rep., 542.

Curtis v. Commonwealth.

CLEM J. WHITTEMORE AND ROBT. J. BRECKINRIDGE, FOR COMMONWEALTH.

Before trial the appellant made a motion to discharge the entire panel of the petit jury because it had not been drawn from the wheel at the beginning of the month of November as required by law, which was overruled. At a later day of the term the case having been continued the Commonwealth's attorney made the following statement to the attorney for appellant. If your client will plead guilty I will let him off with two years in the penitentiary, and I will recommend to the jury that they fix such verdict. This proposition was accepted by the appellant, and he withdrew his plea of not guilty, and entered a plea of guilty. According to the above agreement the attorney for the Commonwealth recommended that the jury return a verdict of two years in the penitentiary. The court before a plea of guilty was made instructed the counsel that the jury was not bound by any agreement and instructed the jury as follows: "Gentlemen of the jury, the defendant having pleaded guilty to the offense charged it only remains for you to fix his punishment at not less than two nor more than ten years." "As a rule the statement of the Commonwealth's attorney can be relied on." Whilst the manner of selecting jurors is mandatory, yet I have failed to find any provision of the code or other authority which would justify a reversal because the circuit judge failed to perform his duty in the selection of a jury, and the defendant waived that error when he entered the plea of guilty and submitted without objection to the jury as selected. 21 Ky. Law Rep., 1814; 20 Law Rep., 1553.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellant, Walter Curtis, alias A. J. Randall, was indicted, tried, and convicted in the Jefferson Circuit Court of the crime of having and keeping in his possession burglar's tools, with the intent to use them burglariously. His punishment was fixed at five years in the penitentiary, and from that judgment he appeals.

Upon arraignment, the appellant pleaded not guilty, and then filed a demurrer to the indictment, which was overruled. Appellant then filed affidavit and motion to dis-

charge the entire panel of the petit jury, and averred that the panels of the jury were not made up, selected, or impaneled as required by law, in that the jurors' names were not drawn from the jury wheel or drum, but were selected from a list of jurors summoned in November, 1900, by the judge of the court. In support of this motion, appellant asked that the judge, Hon. H. S. Barker, be sworn to answer questions relative to the make-up, selection, and impaneling of the petit jury for the month of February, 1901. The court overruled the motion to discharge the panel, and declined to be sworn as to the method or manner of selecting the jury. However, the bill of exceptions does show how they were selected, which is certified by the judge. Appellant then withdrew his former plea of not guilty, and pleaded guilty, and a jury was impaneled and sworn to fix his punishment under the charge and plea. The verdict was guilty, with punishment at five years in the penitentiary. Appellant then filed his motion and reasons, and asked a new trial, which the court denied. The reasons for a new trial are that, as an inducement for a plea of guilty, the attorney for the Commonwealth assured the appellant that he would be let off with two years in the penitentiary, and that such punishment would be recommended to the jury; and that upon this assurance of the prosecuting attorney, and believing it would be acted upon by the jury, appellant, being so advised to do by his own counsel, withdrew his plea of not guilty, and pleaded guilty. The bill of exceptions shows that before the plea of guilty was entered the court instructed counsel that the jury was not bound by any agreement. The bill further shows that the attorney for the Commonwealth recommended to the jury that they fix appellant's punishment at two years. The bill of exceptions further shows:

Curtis v. Commonwealth.

"The February petit jury was impaneled as follows: Dur-
ing the month of November, 1900, the case of Common-
wealth of Kentucky v. Hugh McCullough, charged with
murder went to trial, and at that time the names of about
ninety jurors were drawn from the wheel, and, said jurors,
for some reason or another, being excused, the judge of
this court, for the month of February, 1901, selected from
said list of ninety so drawn in the McCullough murder
case the names of some of the panel of petit jurors for the
month of February. There was a drawing for jurors in
the month of February of men who were qualified in every
way to act as jurors, but that for some reason, best known
to the court, the court did not put said parties who were
drawn in the month of February on the petit jury, but
selected as a petit jury some of the panel whose names
were drawn from the wheel in the McCullough case."
This statement in the bill of exceptions, certified to by
the circuit judge, are facts within his own knowledge,
being his own official acts, and, if he had complied with
appellant's motion to be sworn and testify as to the se-
lection of the panel, these facts would have appeared on
the motion to discharge the panel. It is clear from the
statement as to the mode of selecting and impaneling
the petit jury for the month of February, 1901, that the
statute was not followed, but that the circuit judge as-
sumed the authority to select from the ninety names of the
McCullough drawing and from the thirty names of the
regular drawing a panel for the February jury; this, as
he says, for reasons best known to himself. These men,
so selected, may have been, and doubtless were, of the
very best citizenship of the county, but they were not
drawn impartially from the body of legally qualified jury-
men of the county. The mode provided by law for the

selection of qualified and impartial jurymen was ignored, and the jury was selected by the judge of the circuit court himself. This was clearly erroneous. It may have been done with the very best of motives, but it was not the method provided by law, and should not have been done. This action in selecting and impaneling the petit jury being error, the question presents itself, can this court take cognizance of this error?    Section 281, Cr. Code Prac., provides: "The decisions of the court upon challenges to the panel, and for cause, upon motions to set aside an indictment, and upon motions for a new trial, shall not be subject to exception."    Section 340, Id., provides: "A judgment of conviction shall be rversed for any error of law appearing upon the record, when upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby."    Prior to the adoption of the Code of Practice there existed no right of appeal in criminal cases. The right to an appeal was never constitutional, but is statutory. If a person appeals to this court in a criminal case, he must meet the requirements of the Code in so doing; and when the case is here our rights and jurisdiction to hear and determine are fixed by the Code. This court has no power to reverse a judgment of conviction unless for an error of law appearing on the record, as the Code now reads.    In the case of Terrell v. Com., 13 Bush, 251, this court said: "Construing these sections—340, 280, and 281—together, it seems to us clear that we have no power, under the present Code, to reverse on the appeal of either party for error in decisions upon challenges to the panel, or for cause, or upon motions to set aside an indictment, or for a new trial.    The language of section 340 embraces all such

errors, but unless that language is held to be modified by section 281, sections 280 and 281 would seem to be entirely superfluous. They were wholly unnecessary unless the purpose was to except errors in decisions upon the matters enumerated from the revisory power of this Court." In the Rutherford Case, 13 Bush, 608, this court referred to the Terrell Case, and said: "We are therefore of the opinion that we have no jurisdiction to revise the action of the circuit court in respect to the appellant's challenges for cause." On the second appeal in the Rutherford Case (78 Ky., 639) the court refused to reverse because of error in allowing the jury to view the place of the homicide in the absence of the accused. The court said: "Our power to review the rulings of the lower court in such cases is derived from the statute, and must be exercised within the statute. Whatever our views may be, in any particular case, as to whether the accused has had such a trial as is guaranteed to him by the Constitution, we can not revise the ruling of the trial court unless the authority is conferred by statute. For constitutional rights the appeal is to the trial court, and not to this court." In case of Paducah and E. R. Co., 80 Ky., 147, a reversal was ordered on account of error appearing in the motion for a new trial; the error being that the verdict was reached by lot, which was, by the Code, made cause for a new trial. That opinion held that a reversal would be had for error in overruling a motion for new trial. The case of Redmon, 82 Ky., 333, expressly overruled the Paducah & E. R. Co. Case in 80 Ky., 147. The court said: "The Code, as quoted [section 340], provides that we may consider and reverse in criminal cases where the error appears on the record by bill of exceptions presented in the manner prescribed, and also

provides that the error here complained of [overruling a
motion for a new trial] shall not be subject to exception.
We can no more consider an alleged error so presented
than we could a case in which there was no bill of ex-
ceptions; for in fact a bill of exceptions not authorized
is no bill. We have nothing to do with the policy or im-
policy of conferring jurisdiction in criminal cases upon
this court, whether limited or unlimited. That belongs
to the legislative department. Errors, such as that com-
plained of here, were left to the discretion of the lower or
trial court, where the whole jurisdiction might have been
left, if the Legislature should have thought proper. This
construction was placed by this court upon the Code as
early as the 16th of October, 1878 (Kennedy v. Com., 14
Bush, 340), and was uniformly followed until the case of
Paducah & E. R. Co. v. Com. 80 Ky., 147, decided March
9, 1882. The opinion in that case does not discuss the
question of the construction of the Code and the juris-
diction of this court, but decides a question similar to the
one presented here, and adversely to a long line of opin-
ions, and contrary to the views herein expressed. That
case is overruled." The court, instead of citing the Ken-
nedy Case, 14 Bush, 340, as' the beginning of this rule,
might have referred to Adwell v. Com., 17 B. Mon., 316
decided in 1856; also Comely v. Com., Id., 408, and the
cases of Terrell, 13 Bush, 251, and Rutherford, Id., 608
(the Terrell Case decided June, 1877). Again, in the
Case of York, 82 Ky., 362, the court held that "a decision
of the lower court upon a motion for a new trial is not
subject to exception (Cr. Code Prac. sec. 281)." In the case of
Hourigan, 89 Ky., 308, 11 R., 509 (12 S. W., 550), appealed by
the Commonwealth, the court repeated that decisions
upon motion for a new trial are not subject to excep-
tion, and declined to inquire into the questions presented

Curtis v. Commonwealth.

on the motion.    In O'Brien's Case, 89 Ky., 361, 12 S. W.,
472, the court said:    The appellant can not rely in this;
court, upon any error of the lower court in acting upon a
challenge to a juror for cause.    Section 281 of the Crim-
inal Code forbids it."    In Risner v. Com., Ky., 540 (26.
S. W., 388), this court, per Lewis J., delivered an opinion
reversing for error in selecting a jury panel for the term..
But it is shown that the learned justice did not refer to
section 281 of the Code, nor did he discuss the cases there-
tofore decided.    The brief of counsel for appellant, as.
well as the attorney general, nowhere refers to section
281, nor to the decisions thereunder.    The court there
discussed the provisions of the law and the manifest er-
ror in disregarding its provisions, and reversed the case
without discussing at all the question whether such er-
rors of the trial court could ever come before this court
for review.    In the case of Rush v. Com., 20 Ky. L R., 776 (47
S. W., 587), this court said:    "Under this section [281] this,
court, in Terrell v. Com., 13 Bush, 246, held    that
this court has no    power    to    reverse    on    appeal
of    either · party    for    error    in    decisions    upon
challenges to the panel or for cause.    It is clear
that section disposes of the question as to the selection
of the jury."    In the case of Brown, 20 Ky. L. R., 1553 (49
S. W., 545), this court by Judge Burnam, reiterated and re-
affirmed the doctrine of the Terrill Case, 13 Bush, 246, the
Redmon Case, 82 Ky., 333, and the Hourigan Case, 89 Ky.,
305 (12 S. W., 550), as a motion for a new trial under
section 281.    Again in Morrison's Case, 21 Ky. L. R., 1814,
·(56 S. W.), (516), this court, by Judge Guffy, held that under
section 281 challenges to the separate juror and to the pan-
el are not subject to revision by this court.    In Kelly's
Case, 21 Ky. L. R. 1306 (54 S. W.), (949) and Flan-.
nery's Case, (51 S. W.), (572), the    same    conclusion    was.

reached. In the very recent case of Howard (decided at last term) 61 S. W., 756, the question so far as could be presented, was raised as to the manner of selecting the panel or special venire, and the conclusion was stated that as to such matters no exception could be taken, and this court could not revise the action of the trial court thereon. In the Smith Case, 21 Ky. L. R., 1470 (55 S. W.), (718), the court discussed the error in the court's permitting the key to the jury wheel to remain with the clerk, and pointed out that such action was error; but the case was reversed for error in instructions. There are doubtless other cases on the subject, that we have overlooked, but the universal rule except the Paducah & E. R. Co. Case, 80 Ky., 147, since overruled, and the Risner Case, 95 Ky., 539, 26 S. W., 388, is that in all cases where, by section 281 of the Criminal Code of Practice, an exception is forbidden, this court is without jurisdiction to reverse for error that might have been committed in passing upon challenges to the panel and for cause, upon motion to set aside an indictment, and for new trial. We conclude, therefore, that the error in selecting the jury for February is not subject to our revision, however erroneous it was.

The same may be said of the motion for a new trial, in which it is shown that the jury disregarded the recommendation of the attorney for the Commonwealth, and fixed the punishment at five years, instead of two years. If this question was properly before us, we could not say upon the whole record, that appellant did not have a fair trial. The attorney for the Commonwealth did all he was authorized under the law to do. He asked the jury to fix the minimum term,—two years. The jury being the sole arbiters of the punishment, declined to accept his recommendation, but fixed the term as under their

Curtis v. Commonwealth.

oaths they deemed just and right. This was, and is a matter, exclusively within the province of the jury. If it were otherwise, a jury would not be necessary. An agreement with the prosecuting attorney, a plea of guilty,. and an agreed judgment entered would be all that was. necessary. But under our system a jury is always necessary to a conviction in a felony case, and their verdict must fix the term of confinement, and this the court can not do in any case. Hall v. Com. 21 Ky. L. R., 520 (51 S. W., 814); Morrison v. Com. Ky. L. R., 1814 (56 S. .W, 516). That the jury returned a verdict for a sentence greater than appellant expected under his plea can not be error, and, if it was, this court could not remedy the error, as the term fixed was within the law. In our opinion, the indictment is sufficient, and finding no error within our cognizance, the judgment is affirmed.

Judges Burnam and Guffy dissent from so much of this opinion as holds that this court has no jurisdiction to reverse the error in the selection of the jury in this case.

Judge DuRelle's concurring opinion:

In the case of Weaver v. Toney, 54 S. W., 732, (21 Ky. L. R.—) it was held that this court had jurisdiction to restrain an inferior tribunal by writ of prohibition not only where it was proceeding out of its jurisdiction but in cases where it had jurisdiction if the remedy by appeal was not entirely adequate. I did not at all agree that this court had any jurisdiction by writ of prohibition, except in aid of its appellate jurisdiction. The majority of the court decided otherwise. When application in a case similar to this was made a few weeks ago for a writ of prohibition to restrain the circuit court from proceeding to try a defendant upon a criminal charge with a jury se-

lected exactly as the jury appears to have been selected in this case, I was of opinion that, if the doctrine laid down in Weaver v. Toney was to be adhered to, a writ of prohibition was undoubtedly within our jurisdiction, to prevent an inferior tribunal proceeding in a case in which the jury, a constituent part of the court itself, had been unlawfully selected. But as I did not concur in the opinion in Weaver v. Toney, I did not think it necessary to record my views at the time. The question whether the jury was lawfully selected is now presented by appeal. The legislature had power to limit the appellate jurisdiction of this court. It has done so explicitly upon the question here presented. We are not only not given jurisdiction of this question, but are expressly prohibited from exercising it. I therefore concur in the opinion of Judge White, which seems to me conclusive of the question.