## Collins v. Commonwealth.

(Decided March 18, 1911.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Conviction—New Trial—Matter First Presented on Motion.—Under section 281 of the Criminal Code of Practice as amended by the last General Assembly, a judgment of conviction may be reversed for a matter first presented on the motion for new trial.

2. Witness Under Rule—Absenting Himself—Grounds for New Trial.—Where an important witness for the accused was sworn and put under rule, but absented himself so that he was deprived

of the testimony and the attorney managing the trial had been just employed and did not know what she would state, a new trial should be granted where on the whole case the evidence for the prosecution is unsatisfactory.

EDWARDS, OGDEN & PEAK and KOHN, BAIRD, SLOSS & KOHN for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellant, Tony Collins, was indicted by a grand jury of Jefferson county for the crime of carnally knowing and having sexual intercourse with Ida Eberhardt when she was under the age of sixteen years. He was tried at the October term, 1910, of the Jefferson Circuit Court and convicted. His punishment was fixed at ten years in the penitentiary, the lowest term. The prosecuting witness testified that the appellant had intercourse with her on four certain days within a week. Considerable testimony which was incompetent was introduced but was not objected to at the time. For instance, the Commonwealth was allowed to prove Ida Eberhardt's good character by her father and mother before her reputation was attacked. The attorney who represented appellant in the lower court was not familiar with the case. The attorneys representing him on this appeal are not the one who represented him in the lower court, however. The attorney who defended appellant in the lower court entered the case with the view only of assisting the original counsel; as soon as he entered the case the original attorney left the court room. The prosecuting witness stated that she was virtuous to the time of the intercourse with appellant, but stated on the witness stand that she had charged her father with having intercourse with her repeatedly; that she made such accusation against him in the police court and also told the sisters of the House of Good Shepherd the same. She also stated while she was engaged at labor at the home of appellant she claimed to have been raped by a negro in appellant's woodshed. She also stated that she made application for board in a house in New Albany, Indiana, but that when she arrived at the house she saw it was a "rough house," to use her language, and she was refused admission because she was under eighteen years of

age. She gave the name of the keeper of this house as Mrs. Keller, and denied that she had told her she was over sixteen years of age. She said she made all of these accusations of criminal intimacy with her father and charge of rape at the command of appellant who threatened to "fix" her if she refused. While on the witness stand she denied the rape and having intercourse with her father. Appellant denied most positively that he had intercourse with the prosecuting witness at any time. The attorney who represented appellant in the lower court made an affidavit stating that appellant announced ready for trial without the knowledge that the original attorney would leave the court room, and that he was deprived of counsel who understood the facts with reference to his case; that he had Mrs. Eva Keller, the lady referred to by the prosecuting witness, summoned as a witness; that she had been sworn at the beginning of the trial and sent to the witness room, but that when he was ready to introduce her as a witness she had left the room and could not be found. Appellant made a motion for a new trial and filed Mrs. Keller's affidavit with the motion. The affidavit is as follows:

"The affiant, Mrs. Eva Keller, says that she was the wife of Dr. Henry Keller and resided at 126 South Nineteenth street in the city of Louisville, and has resided there with her child for a period of more than five years. She says that she knows the prosecuting witness, Ida Eberhardt, herein, and states that the said Ida Eberhardt told her that she was more than sixteen years of age; that on one occasion she saw the said Ida Eberhardt sitting with her feet upon a desk, and a young man sitting at or near the desk with a whiskey bottle and two glasses between them and two stumps of cigarettes lying near each of them. She says that she does not and had not and never did live in New Albany, Indiana; that Ida Eberhardt never called upon her in Indiana, and that she runs no improper place and lives at home with her child. She says that on the day of this trial it is true she was in the court, but she was so nervous at the thought of testifying that she was compelled to leave court."

As will be noticed, this affidavit contradicts the prosecuting witness in several important particulars, and, especially, as to her age. Appellant was entitled to this testimony and was deprived of it without any fault

on his part. Soon after the prosecuting witness ceased to labor and live at appellant's home, it seems that she went, of her own accord, to the juvenile court and was sent from there to the House of Good Shepherd, and she there gave her history. She told C. M. Bain that she was compelled to leave home on account of her father; that he assaulted her repeatedly, and she begged to be protected from him. Appellant offered to introduce the record kept by the House of the Good Shepherd, but the court properly refused to allow it to be introduced. Neither C. M. Bain or the parties at the juvenile court were introduced to testify with reference to the statements she made about these matters. Immediately after she claimed to have been raped by the negro, Collins, at his own expense, had her examined by two physicians to see if there were any evidences of the offense. The physicians testified that they found no such evidences, but stated that she appeared to have been having intercourse with men for two or three years. Without going into the particulars, Ida Eberhardt's testimony throughout leaves the mind in doubt as to the truth of it. As appellant was unfortunate in having his case presented as it should have been, we are of the opinion that the lower court should have granted him a new trial, as the testimony of the prosecuting witness is of such uncertain character.

Under section 281, Criminal Code, as it existed before the last General Assembly, we had no power to reverse a case because the lower court refused to grant a new trial, but the last General Assembly repealed that part of the section refusing this court that power. (Acts of 1910, page 269.)

For these reasons, the judgment of the lower court is reversed and remanded for proceedings consistent herewith.