## Wilhelm v. Louisville Railway Company.

(Decided February 28, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

New Trial.—An order of the Circuit Court granting a new trial will not be reversed unless the Circuit Court abused a sound discretion in granting a new trial.

JACOB SOLINGER for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH, ALFRED SELIGMAN and HOWARD B. LEE for appellee.

Opinion of the Court by Chief Justice Hobson— Affirming.

John B. Wilhelm brought this suit against the Louisville Railway Company to recover for personal injuries sustained by him in getting off one of its cars. He testified that when he was standing on the step as the car was slowing down, it was given a violent jerk by which he was thrown from the car and hurt. On the first trial of the case he recovered a verdict of $500. The court granted a new trial. On the second trial there was a verdict and judgment for the defendant. There is no bill of exceptions as to the second trial. The only bill of exceptions is as to the first trial. The proceedings at the second trial are not before us, and the only question before us is: Did the court err in granting a new trial after the first trial of the case?

The plaintiff himself was the only witness introduced on his behalf as to how the accident occurred. On the other hand, the defendant proved by three of its servants and by three passengers on the car that the plaintiff stepped from the car before it reached the stopping point and while it was going pretty rapidly, two of them stating he did this though warned by the conductor not to do so; and they all testified that there was no jerk or lurch of the car. Their testimony is corroborated by the statements made by the plaintiff in a deposition he gave before the trial and by the fact that the car was running past the point at which he wanted to get off.

The circuit court has a discretion as to granting new trials. It is a broad discretion to be exercised in the interests of the proper administration of justice. We have

uniformly held that greater effect will be given an order granting a new trial than one refusing it, as it is the duty of the circuit court to grant a new trial when the ends of justice require it. The new trial being granted, the parties are simply where they were before the trial was had. The circuit judge sees and hears the witnesses, the proceedings are had in his presence and much may come under his knowledge that is not in the transcript before us. So it is we have held that an order granting a new trial will not be reversed unless it appears the circuit court abused his discretion. (Miller v. Ashcraft, 98 Ky., 314; Reliance Textile & Dye Works v. Mitchell, 24 R., 1286; Hunt v. L. & N. R. R. Co., 116 Ky., 545; Brown v. L. & N. R. R. Co., 144 Ky., 546.)

In view of all the facts here, we can not say the circuit court abused a sound discretion in granting a new trial.

Judgment affirmed.