## Commonwealth v. Harris.

(Decided April 11, 1912.)

Appeal from Kenton Circuit Court
(C. C. L. & E. Division).

1. New Trial—Order Granting—Review—Reversal.—Under Section 281 of the Criminal Code, as amended by Acts of 1910, page 269,

the action of the trial court in granting a new trial to a defendant in a criminal case is subject to review on appeal, but the order granting a new trial will not be reversed unless it appears that the trial court abused its discretion.

2.   Same—Homicide—Evidence.—In a prosecution for homicide, evidence examined, and held that the trial court did not abuse its discretion in granting a new trial on the ground that the verdict was flagrantly against the evidence.

JAMES GARNETT, Attorney General, M. M. LOGAN, Assistant Attorney General and RICHARD G. WILLIAMS for appellant.

JOHN W. RICHMOND for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the month of July, 1911, appellee, Robert Harris, shot and killed Charles Barnes in Kenton County, Kentucky. He was indicted and tried for murder, and the jury found him guilty of voluntary manslaughter. Thereupon, appellee filed motion and grounds for a new trial. The grounds relied upon were, first, "the verdict is against the law and evidence;" second, "improper argument on the part of the Commonwealth's Attorney;" third, "newly discovered evidence." Thereafter, the court granted appellee a new trial on the ground that the verdict of the jury was flagrantly against the weight of the evidence. Judgment was entered accordingly, and the Commonwealth appeals.

The first question presented is: "Is the granting of a new trial in a criminal case subject to review by this court?"

Up to the year 1910, section 281 of the Criminal Code read as follows:

"The decisions of the court upon challenges to the panel, and for cause, upon motion to set aside an indictment, and upon motions for a new trial, shall not be subject to exception."

Following this provision of the Code, this court held in a number of cases that no appeal lay from an order granting a new trial in a criminal case. Commonwealth v. Dorsey, and Commonwealth v. Roach, 11 Ky. Law Rep., 366; Commonwealth v. Wilson, 17 Ky. Law Rep., 578; Commonwealth v. Hourigan, 89 Ky., 305; Commonwealth v. Huber, 126 Ky., 456.

At its 1910 session, the General Assembly amended

section 281, of the Criminal Code, so as to read as follows:

"The decisions of the court upon challenges to the panel, and for cause, or upon motion to set aside an indictment, shall not be subject to exceptions." Acts 1910, p. 269.)

It will be observed that the words "and upon motion for a new trial" are omitted from the section as amended. Construing the amendment in the case of Wilson v. Commonwealth, 140 Ky., 3, it was held that the rulings of the trial court in a criminal case on a motion for a new trial are now subject to exceptions, and that any error of the court in refusing a new trial might be reviewed by this court.

To the same effect is the case of Tucker v. Commonwealth, 145 Ky., 89. As the rulings of the court on motions for a new trial are subject to exceptions, we conclude that any error of the court in granting a new trial may likewise be reviewed by this court.

Having the power to review the action of the trial court in granting a new trial, it will be necessary to give a brief statement of the evidence, for the purpose of determining the propriety of the court's ruling.

Appellee, Robert Harris, and the deceased, Charles Barnes, together with several other employes, were doing cement work for Gunther and Thrasher at their camp in Kenton County. At the time of the homicide, they and same ten or twelve others were engaged in a card game. Appellee and Barnes each had 25 cents. They made a bet, and appellee won. Barnes picked up both quarters. Appellee said: "Put that down; I am tired of you people dancing with my last money." Barnes pitched the money over to appellee and said: "Do you want to fight?" Appellee replied: "I could fight." Each started out of the tent, one on one side of the table, the other on the other. Appellee shot at Barnes, who then leaned over and picked up an axe and advanced on appellee. Appellee then fired three other shots. There had been no previous difficulty between the parties. The foregoing facts were testified to by Pete Williams and Joe Grinder, two witnesses for the Commonwealth.

According to the evidence for appellee, Barnes threw the two quarters to appellee and said: "Do you want to fight?" Whereupon, appellee said: "I don't care about fighting, but I could fight." Appellee then took the two

quarters and bet them and lost. He then walked outside of the fly and began talking to two of the men. When he left, Barnes was sitting on one side of the table. In a short time Barnes came out of the fly and started towards appellee. Appellee said: "Charlie, don't you come up on me," and backed down the hill. Barnes continued to advance on appellee and reached down and got an axe and started towards him; whereupon, appellee fired one shot and continued to back away. Barnes got almost near enough to strike him with the axe, when appellee fired the remaining shots. These facts are testified to, not only by appellee, but by five other witnesses.

In civil cases it has always been the rule that the circuit court, in the granting of new trials, is invested with a broad discretion, to be exercised in the interest of the proper administration of justice. Where a new trial is refused, the rights of the parties are concluded. Where it is granted, the parties are simply where they were before the trial was had. For this reason, it has been uniformly held that greater effect will be given an order granting a new trial than one refusing a new trial. And, as the circuit judge seems and hears the witnesses, and the proceedings are had in his presence, and much may come under his knowledge that is not in the transcript before us, it is also the rule that an order granting a new trial will not be reversed except in the case of an abuse of discretion on the part of the trial court. Wilhelm v. Louisville Ry. Co., 147 Ky., 196; Miller v. Ashcroft, 98 Ky., 314; Reliance Textile & Dye Works v. Mitchell, 24 R., 1286; Hunt v. L. & N. R. R. Co., 116 Ky., 545; Brown v. L. & N. R. R. Co., 144 Ky., 546.

Applying this rule to the facts before us, we have a case where two witnesses for the Commonwealth testify to one state of facts, while the defendant on trial and five other witnesses testify to another state of facts, tending to show that the deceased was the agressor and that the defendant acted in his necessary self defense. Under this state of case, we can not say that the trial court abused its discretion in granting a new trial.

Judgment affirmed.