### Bennett v. Commonwealth.

(Decided May 11, 1917.)

### Appeal from Graves Circuit Court.

1. Criminal Law—Verdict—Review.—Reversal of a judgment of conviction in a criminal case will not be authorized on account of error committed by the trial court in admitting incompetent evidence, unless it is clearly made to appear that the defendant was prejudiced in some substantial right by the error.

2. Criminal Law—Impeachment of Witness—Admonition.—Failure of the trial court to admonish the jury as to the effect to be given evidence introduced to impeach a witness, will not constitute reversible error, where it is not made to appear from the record,

either that the defendant objected to the evidence or requested the court to give the necessary admonition as to the effect to be given it by the jury.

3. Criminal Law—Deciding Verdict by Lot—Appeal and Error.—Although the deciding of a verdict by lot is prohibited by Section 271, Criminal Code, and verdicts so arrived at have been strongly condemned by the Court of Appeals, where it is made to appear from the affidavits of eleven of the jurors, uncontradicted by the twelfth, that, although the punishment of the defendant was ascertained by a division of the sum of all the estimates of the jurors by twelve; before this was done the guilt of the defendant was determined by the unanimous assent and vote of the jury; and after it was done, the jury, each juror separately voicing his assent, unanimously agreed to the verdict giving the defendant the same punishment arrived at by the mathematical calculation; and the adoption of the punishment was not the result of any trick by which an excessive verdict was obtained, in such state of case, the refusal by the circuit court of a new trial to the defendant convicted of grand larceny, on the ground that the verdict was decided by lot, did not constitute error compelling the reversal of the judgment.

STANFIELD & STANFIELD for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

This is the second appeal from a judgment of the Graves circuit court entered upon a verdict finding the appellant, Bozzie Bennett, guilty of grand larceny, as charged in an indictment returned against him for that crime, and fixing his punishment at confinement in the penitentiary for a minimum term of not less than two years and a maximum term of not more than two years and nine months. The opinion on the first appeal is reported in 171 Ky. 63. The judgment of conviction was reversed on that appeal because of error committed by the circuit court in admitting incompetent evidence on the first trial of appellant. As the facts connecting appellant with the commission of the crime are fully set forth in the opinion on the first appeal, it is unnecessary to here repeat them.

The grounds urged by appellant's counsel for the reversal of the judgment on the present appeal are that the court erred: (1) In admitting incompetent evidence. (2) In failing to admonish the jury as to the effect of certain evidence introduced to impeach one Bunk Adams.

(3) In failing to, properly instruct the jury and to give the whole law of the case.  (4) Because the verdict of the jury was arrived at by lot.  (5) Because of misconduct of the county attorney.

A part of the evidence objected to was furnished by the testimony of W. B'. Sullivan, sheriff of Graves county, as to what occurred when he went to Memphis, Tenn., where appellant had been arrested, to return with him to Graves county, this state, for trial, and a conversation that he then had with appellant.  The statement of Sullivan objected to was to the effect that upon his making inquiry at the Memphis jail for appellant and being conducted by a jail official to the cell in which appellant was confined, the latter then admitted to the jail official that he had previously claimed to him that his name was Brown, but then confessed the deception, saying that the sheriff, Sullivan, knew him.  All of this evidence was competent and was, therefore, properly admitted.  Appellant's counsel also complain of the further statement of Sullivan that he was told by the same jail official, when he asked him if he had Bozzie Bennett in custody, that he had no prisoner of that name, but said he had one answering the description Sullivan gave of Bennett, who had told him his name was Brown.  This statement was made immediately before Sullivan was led by the jail official to appellant's cell, where the conversation in which appellant admitted his identity occurred.  The conversation which occurred between Sullivan and the jail official in the absence of appellant was incompetent, and should have been excluded, but its admission could not have been prejudicial to the latter in view of his later confession in the presence of the jail official.

Appellant's complaint of the testimony of J. R. Bennett, with reference to an offer made to him to get Bill Bennett, an important witness against appellant, to leave and not testify against him, is without merit.  The above proposition was made J. R. Bennett at his home and also at the office of appellant's attorneys, when he, appellant, was present.  It, therefore, appears that the proposition made to J. R. Bennett, if not induced by appellant, was made with his knowledge and assent.  Hence, he had no cause to complain of the evidence in reference thereto and was not prejudiced by its admission.

Appellant's complaint of the failure of the trial court to admonish the jury as to the effect of certain evidence

introduced to impeach the witness Bunk Adams cannot be relied on by him as a ground of reversal, as his counsel did not object at the time of the admission of the evidence to the court's failure to admonish the jury that the evidence in question could be considered by them only for the purpose of effecting the credibility of Adams, nor did counsel request the court to give such an admonition. We have repeatedly held that in order for the accused to take advantage of such an error on appeal, he must have called the attention of the court to it at the time it was committed and thereby allowed it an opportunity to correct the error. Ochsner v. Commonwealth, 128 Ky. 761; Wright v. Commonwealth, 155 Ky. 750; Hayes v. Commonwealth, 171 Ky. 291; Renaker v. Commonwealth, 172 Ky. 714; Day v. Commonwealth, 173 Ky. 269.

Appellant's complaint of the instructions is equally without merit. Our examination of the instructions convinces us that all of them except instruction No. 1 are free from error. The objection to instruction No. 1 goes to the last clause thereof. which is as follows:

"The jury will find him guilty of grand larceny, as charged in the indictment, and fix his punishment at confinement in the penitentiary for a minimum term of not less than one year or a maximum term of not more than five years, at their discretion within said limits."

The criticism of the instruction is that it directs the jury to fix a minimum term *or* a maximum term within the limits of the punishment prescribed by the statute, instead of requiring them to fix both a minimum and a maximum term within the limits of the prescribed punishment. Such an instruction was condemned in Biggs v. Commonwealth, 162 Ky. 103, and if the jury, by their verdict in this case, had failed, as in the Biggs case, to find both a minimum and maximum term within the prescribed limits of punishment, such failure would constitute reversible error as held in that case. But in this case the verdict was as follows:

"We, the jury, find the defendant guilty, as charged in the indictment, and fix his punishment at confinement in the penitentiary for a minimum term of not less than two years and a maximum term of not more than two years and nine months."

It will thus be seen that the jury, in fixing the punishment in this case, adopted precisely the method that the instruction, if written in conformity to the opinion in the Biggs case, would have directed them to adopt. There-

fore, despite the error referred to in the instruction, the verdict of the jury fixed the punishment of appellant in conformity to the statute; indeed, could not have fixed it more correctly if the instruction had been in correct form. Obviously, no substantial right of the appellant was prejudiced by the error in the instruction, and this being true, the error furnishes no ground for reversal.

Appellant's most urgent contention is that he is entitled to a reversal because the verdict of the jury was arrived at by lot. This was attempted to be shown by the joint affidavit of five of the jurors in the case, filed in support of his motion and grounds for a new trial, in which it was, in substance, stated that, at the suggestion of one or more members of the jury made after the question of appellant's guilt had been unanimously agreed upon by the jury, each member of the jury wrote upon a slip of paper in figures the number of years he thought appellant should be confined in the penitentiary, which was followed by the addition of these figures and the total then divided by twelve, giving as a result the two years and nine months fixed by the verdict of the jury as the maximum term of appellant's punishment. After the filing of the affidavit referred to, a joint affidavit from eleven of the jurors, including four of those who had joined in the affidavit filed by appellant, procured by the Commonwealth's attorney, was filed in opposition to the motion for a new trial. This affidavit, while in no respect contradictory of that filed for the appellant, was more definite in its statements as to the facts: (1) That the jury, each juror separately expressing and declaring his opinion and vote to that effect, unanimously agreed as to the appellant's guilt before taking any steps to determine his punishment. (2) That after thus unanimously finding appellant guilty, the jury agreed to set down on a paper, each separately, the number of years he thought appellant should be sent to the penitentiary, after doing which the whole number was added up by each member and divided by twelve; the result being the punishment indicated by the verdict of the jury, viz.: confinement in the penitentiary for a minimum term of not less than two years and a maximum term of not more than two years and nine months; and that this punishment and the verdict setting it forth was, after the figuring referred to was completed, agreed to by the entire jury independently, separately, and unanimously, and by them returned into court as the verdict of the jury in the case.

Criminal Code 271 provides that "the court in which a trial is had upon an issue of fact may grant a new trial if a verdict be rendered against the defendant by which his substantial rights have been prejudiced, upon his motion, in the following cases:

". . . If the verdict have been decided by lot, or in any other manner than by a fair expression of opinion by the jurors."

Section 271 provides that a juror may be examined to establish that the verdict was made by lot. The practice of deciding verdicts by lot has repeatedly been condemned by this court. In Allard v. Smith, 2 Met. (59 Ky.) 297, which was a civil action to cover damages for the breach of a marriage contract, the trial court gave an instruction telling the jury that if they believed the plaintiff ought to recover, but disagreed as to the amount, "they have the right, each one, to set down the sum he believes ought to be recovered by the plaintiff, and add them all together, then divide the sum total by the number twelve, and find that amount, twelfth part, in damages, if they think proper to do so."

In commenting upon this instruction the court, in the opinion, said:

"Cases are to be found in which this court has refused to set aside a verdict merely upon the ground that it was made up by a process similar to that indicated in the instruction. But it is shown in all these cases that the motion for a new trial was founded upon and sustained by the affidavits of some of the jurors. And it is a well-established rule, that the affidavit of jurors cannot be received to prove misbehavior in themselves or their fellow jurors, as a ground for impeaching their verdict.

"But, although the court might be justified in refusing to set aside a verdict made up in the mode alluded to, it does not follow that the court would be authorized to prescribe such mode by an instruction such as appears to have been given in this case. The dangerous tendencies of such a practice and the facilities it would afford for the commission of fraud, chicanery, and trick, by an adroit and cunning juror, upon his more honest and confiding fellows, furnish conclusive reasons against the toleration of such a practice. In the instruction before us, the jury are told that 'they have a right, each one, to set down the sum he believes ought to be recovered by the plaintiff,' leaving the jurors unrestricted as to the amount they may so set down, even by the sum claimed in the petition.

"For these reasons, and others which might be suggested, this instruction is deemed fatally erroneous."

The question was again before the court in Paducah & Elizabethtown R. R. Co. v. Commonwealth, 80 Ky. 147, a criminal prosecution by indictment against the railroad company for maintaining a public nuisance. The verdict, as shown by the affidavits of four of the jurors, was arrived at by each juror putting down on a piece of paper the amount of fine he thought ought to be assessed; the whole were added together and the result divided by twelve, and the sum so found was $700.00, for which the verdict was rendered. The verdict was agreed on before it was thus ascertained, but there was no adoption of the verdict by the jury after the ascertainment of the amount. It was held that a verdict obtained in such a manner was highly reprehensible, and the judgment reversed for that reason.

So much of the opinion in Paducah & Elizabethtown R. R. Co. v. Commonwealth, *supra,* as reversed the judgment of the circuit court upon the ground indicated was, however, overruled by the opinion in Redmon v. Commonwealth, 82 Ky. 333, in which it was held that section 281, Criminal Code, deprived the Court of Appeals of jurisdiction to review a judgment of the circuit court for such an error. The construction thus placed by this court, in Redmon v. Commonwealth, *supra,* upon section 281, Criminal Code, has been uniformly followed in the many cases subsequently decided, and until that section was amended by an act of the General Assembly of 1910, page 269. As amended the section still prevents the Court of Appeals from reviewing decisions of the circuit court "upon challenges to the panel, and for cause, or upon motions to set aside an indictment," but confers upon it authority to review the rulings of the circuit court on motions for a new trial and to reverse its judgments for any error it may commit in refusing a new trial. Commonwealth v. Harris, 147 Ky. 702; Blanton v. Commonwealth, 147 Ky. 812; Collins v. Commonwealth, 143 Ky. 60.

It, therefore, follows that if the appellant was entitled to a new trial in the instant case upon the ground that the verdict of the jury was decided by lot, the ruling of the circuit court refusing a new trial was error, which this court has the power to review and correct.

We are not, however, convinced that the ruling in question was error. In order to authorize a reversal

for the failure of the circuit court to grant a new trial it must be shown not only that there was an abuse of the discretion allowed the court in such case, but also that the action prejudiced some substantial right of the defendant. We are unable to find that there was, in this action, an abuse of the court's discretion or that any substantial right of the appellant was prejudiced. It satisfactorily appears from the affidavits of the jurors that each of them agreed upon appellant's guilt before determining the punishment that should be given him, and though the method of fixing the punishment ascertained by the mathematical calculation was agreed to by the jury before the calculation was made, the agreement was in fact again made by the jury, after the calculation, that the punishment indicated by the verdict be adopted independently of the method referred to. In other words, the result reached by the method employed was as fully assented to and agreed upon by each juror as if the method had not been employed. The verdict is the same as would have been reached by the jury without the method. The figures made by the jury were introduced in evidence. They fail to show that the maximum time of punishment as set down by any juror went beyond what might be deemed a reasonable limit, and it does not appear from the affidavits or from the figures themselves, that there was any fraud or chicanery practiced or trick resorted to upon the part of any juror in bringing about the result arrived at; nor does it appear that any juror did or said anything to improperly influence any other juror. Moreover, the verdict is substantially the same that was found by the jury on the first trial of the case.

In Smith v. Commonwealth, 98 Ky. 437, a reversal was asked upon the ground that the verdict was arrived at by lot. In deciding the question we said:

"It appears that the amount of the fine was ascertained by a division of the sum of all the estimates of the jurymen by twelve, and this is made to appear to the trial judge by the affidavits of two jurors. There is no contention that the guilt of the accused was thus ascertained, and it does not appear that the assessment finally agreed on was the result of any trick by which an excessive verdict was obtained. At any rate, in Redmon v. Commonwealth, 82 Ky. 333, it was held that this court had no revisory power over this alleged error, and it would seem that section 281 of the Criminal Code is con-

clusive of that question. See York v. Commonwealth, 82 Ky. 362; Commonwealth v. Hourigan, 89 Ky. 308.''

It will be observed that although the opinion, *supra*, declared the inability of the court to review the question presented, because of the inhibition contained in section 281, Criminal Code, it is nevertheless apparent that the court entertained the view that the appellant, Smith, was not entitled to the new trial upon the ground specified. We would not be understood as approving the practice of juries arriving at a decision or verdict by lot. Upon the contrary, we regard such a practice as highly reprehensible and at all times to be condemned; but we do mean to say that as it appears in this case that notwithstanding the figuring done by the jury, the verdict they arrived at appears to have fairly expressed the opinion entertained by each juror, and that by unanimous agreement it was subsequently adopted by them, no injustice was done the appellant thereby or by the refusal of the circuit court to grant him a new trial because thereof.

The alleged misconduct on the part of the county attorney complained of, arose out of his persistence in asking one or more witnesses incompetent questions notwithstanding the action of the court in refusing to permit them to be answered. This conduct of the county attorney was reprehensible, but the ruling of the court in each instance against him was so promptly and efficiently made, and the questions were so few that we are satisfied such conduct could not have prejudiced appellant in any substantial right.

As, on the whole case, the defendant's guilt is convincingly established by the evidence, and the record disclosed no error upon the part of the trial court or jury that will compel a reversal, the judgment is affirmed. Whole court sitting.