Commonwealth vs. Shields.

2bu 81
104  109

CASE 16—INDICTMENT—JUNE 20.

# Commonwealth vs. Shields.

APPEAL FROM OHIO CIRCUIT COURT.

1.  A failure to administer to the officers having charge of the jury the oath, as required by *section* 242, *Criminal Code*, will be a good ground for setting aside the verdict, and granting a new trial. But after being once sworn as required, it will not be necessary to administer the oath again at each adjournment or recess of the court.

2.  A substantial performance of the officer's duty requires the jury to be so kept as in fact to be present with each other, whether in the same or adjoining apartments, so situated as to admit of free and unrestricted communication between them; and the officer himself to remain in such convenient situation as to observe and prevent any attempt to tamper with the jury, or any irregularity on their part; but it is not absolutely required that the entire jury shall be kept within the same room, without regard to comfort or practical convenience, or that the officer shall lodge within the same apartment with them.

3.  In a prosecution for felony a strict observance should be enforced of the rules, so necessary to an impartial trial, which rules are provided for the purpose of preventing the use of improper influences with the jury, either for or against the accused. And in view of the dangerous consequences of tampering and collusion with juries, and the difficulty of detecting and proving acts so important to the safety of the guilty agents themselves to be concealed, where the proof of the separation of the jury or of exposure to improper influences is had, it is for the Commonwealth to show that no undue influences were used, and if it fails, the verdict must be set aside.

John M. Harlan, Attorney General,    For Appellant,

CITED—

 Crim. Code, sec. 328; also 242 to 245.

VOL. II—6

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

Pleasant W. Shields was indicted, tried, and convicted, in the Ohio circuit court, of the murder of Henry A. Hocker, and the court having granted him a new trial on grounds mainly involving irregularity in or relating to the sheriff and jury, this appeal is prosecuted by the Commonwealth, upon the suggestion of the Attorney General, that it is important to the correct and uniform administration of the criminal law that this court decide the questions on which the court below acted in granting a new trial.

Three points are presented for our determination by the facts disclosed on the motion for a new trial:

1. Was the failure of the court to administer to the sheriff the oath prescribed by *section* 242, *of the Criminal Code of Practice*, a ground for a new trial?

2. Was it a ground for a new trial that six of the jury, after the case was submitted to them, were allowed to sleep in one room, and six of them in an adjacent room, the sheriff lodging in still another room?

3. Was it a ground for a new trial, that after the cause had been submitted to the jury, and they had been admonished by the court as to their duty, and ordered to be kept together, some of them separated from the others and mingled and conversed with other persons, not in the presence of the sheriff—it not appearing whether they did or not converse or communicate with others on the subject of the trial?

As to the first point suggested, although we are of the opinion that it was not necessary that the sheriff, after being sworn to perform his duty, should be again sworn at each adjournment or recess of the court, yet as the law (*section* 242, *Criminal Code*) is imperative that " the officers *must* be sworn to keep the jury together during

the adjournment of the court, and to suffer no person to speak to or communicate with them on any subject connected with the trial, nor do so themselves," a failure on the part of the court so to swear the sheriff, or other officer, taking charge of the jury, was a sufficient reason for setting aside the verdict and granting a new trial.

And as to the second question presented, it was manifestly the duty of the sheriff to comply with the requirement of the Code, both in keeping the jury together and in not suffering any person to speak to or communicate with them on any subject connected with the trial.

A substantial performance of this duty certainly required the jury to be so kept as in fact to be present with each other, whether in the same or adjoining and connected apartments, so situated as to admit of free and unrestricted communication between them; and the officer should himself have remained in such convenient situation as to observe and prevent any attempt to tamper with the jury, or any irregularity on their part; but it was not, in our opinion, absolutely required that the entire jury should have been kept within the same room, without regard to comfort or practical convenience, or that the sheriff should have lodged within the same apartment with them.

The third and last question upon which the opinion of this court is sought seems to have been the subject of some conflicting adjudication in this country.

Without citing in detail the various decisions of State courts as to the effect of such acts of irregularity in the jury as are complained of in this case, many of which are referred to and commented on in *Wharton's American Criminal Law*, 1008 to 1012, we are of the

Commonwealth vs. Shields.

opinion, that, in a prosecution for felony, a strict observance should be enforced of the rules, so necessary to an impartial trial, which were provided for the purpose of preventing the use of improper influences with the jury, either for or against the accused. And in view of the dangerous consequences of tampering and collusion with juries, and the difficulty of detecting and proving acts so important to the safety of the guilty agents themselves to be concealed, we are of the opinion that, where proof of the separation of the jury, or of exposure to improper influences, is had, it is for the Commonwealth to show that no undue influences were used, and if it fails, the verdict must be set aside.

Regarding the opinion of the circuit court, in sustaining the motion for a new trial, as in accordance with this opinion, the same is affirmed.