F. MINOR *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—176.]

**Criminal Law—Legal Jeopardy.**
 Where the jury is sworn to try a criminal case before the defend-
ant is arraigned or enters his plea, and after motion is made for the
discharge of the accused, because once in jeopardy and it is over-
ruled, the accused is arraigned and enters his plea of not guilty and the
jury is resworn and at the termination of the trial find him guilty,
the failure to have him plead to the charge before the jury was
first sworn did not harm him and will not amount to being twice
placed in jeopardy for one offense.

**Keeping the Jury Together.**
 When the sheriff lodged the jury in a hotel and the various rooms
wherein the members slept were locked by the sheriff, when no
charge is made that any of them were tampered with, such a keep-
ing togther is a sufficient compliance with the code relative to keep-
ing the jury together.

APPEAL FROM LINCOLN CIRCUIT COURT.

June 14, 1883.

OPINION BY JUDGE HARGIS:

The jury were empanneled and sworn before the defendant was
arraigned or entered his plea.  So soon as this was done his counsel
moved to discharge him, the court overruled the motion, directed
the arraignment and the defendant pleaded not guilty and former
jeopardy by reason of the irregularity named; thereupon the same
jury were regularly sworn to try the issue, and having heard the
evidence rendered a verdict of guilty fixing the defendant's punish-
ment at confinement in the penitentiary for life.  From the judgment
on the verdict he appealed, and now insists that the failure to have
the arraignment and plea entered before the jury was sworn the
first time, placed him in legal jeopardy notwithstanding the arraign-
ment and plea were made and the jury thereafter properly sworn to
try the issue.  There is no substance in this point.  It was one trial,
and the premature swearing of the jury did no harm as they were
subsequently and at the proper stage duly sworn before the introduc-
tion of any evidence.

The statement by the decedent that the defendant went out at the back door and came around and asked "who do this," at the time the declarant was shot, was not prejudicial but beneficial to the appellant, as it is consistent with his plea of not guilty and tends to uphold it.

Criminal Code 1876, § 247, requires the sheriff to provide suitable food and lodging for the jurors while they are kept together. The lodging of the jury at a hotel on its second floor in different rooms along the same hall, in which the sheriff locked them at night, when no charge is made of tampering with them by any one, and no proof tending to sustain such a charge is offered, but evidence is shown tending to negative any pretense that the jury were tampered with, is in our opinion from the necessity attending the lodging of the jury a sufficient compliance with the requisitions of the code relative to keeping the jury together.

Wherefore the judgment is *affirmed*.

*Welsh & Saufley*, for appellant.

*P. W. Hardin*, for appellee.

[Cited, *Vinegar v. Commonwealth*, 104 Ky. 106, 20 Ky. L. 412; 46 S. W. 510.]