Clarence Vinegar v. The Commonwealth.

CASE 13—INDICTMENT—JUNE 11.

## Clarence Vinegar v. The Commonwealth.

### APPEAL FROM SCOTT CIRCUIT COURT.

1. INDICTMENT—ALLEGATION OF TIME IMMATERIAL.—In an indictment for the murder it is not necessary that the time of the commission of the offense should be correctly averred.

2. CRIMINAL LAW—PRACTICE—EVIDENCE OF FORMER CONVICTION.—An indictment upon which a former verdict was indorsed should not be permitted to go to the jury room upon a second trial of the same charge; but this court can not presume that such an error was committed merely from a production of the indictment containing such indorsement.

3. CRIMINAL LAW—REVERSIBLE ERROR—MOTION FOR NEW TRIAL—SEPARATION OF JURY.—The Court of Appeals has no jurisdiction to reverse for error first brought to the attention of the trial court on motion for a new trial. Defendant who first complains of the separation of the jury in his motion for a new trial is bound by the trial court's ruling on that complaint. (Judge Guffy dissenting.)

L. L. BRISTOW FOR APPELLANT.

1. In an indictment for murder it is necessary for the indictment to state truly the time of the commission of the offense. Bouvier's Law Dictionary, title Materiality.

2. It was error in a second trial for the same offense to permit the jury to take to its room the indictment upon which the former verdict had been written. Crim. Code, sec. 270; Com. v. Arnold, 83 Ky., 4.

Clarence Vinegar v. The Commonwealth.

3. It was error to permit the jury to separate; and this question is reviewable in this court. Crim. Code, secs. 244, 245, 247; Minor v. Com., 5 Ky. Law Rep., 176; Blyew v. Com., 91 Ky., 201; Mc-Dowell v. Com., 4 Ky. Law Rep., 353; Luttrell v. M. & L. R. R. Co., 18 B. M., 295; Com. v. Shields, 2 Bush, 84. The affidavits of the jurors were properly excluded. Johnson v. Davenport, 3 J. J. M., 396; Com. v. Skeggs, 3 Bush, 19; Cain v. Cain, 1 B. M., 213; Heath v. Conway, 1 Bibb, 399.

W. S. TAYLOR, ATTORNEY-GENERAL, for appellee.

The evidence satisfactorily shows that there was no separation of the jury.

JUDGE DuRELLE delivered the opinion of the court.

The questions presented by this, the second, appeal of this case, are few. It is urged that in a case of murder the time at which the crime is charged to have been committed is material, and must be proved as laid. But the rule was universal at common law that the allegation of time in an indictment was immaterial, except where the time of the commission of the act formed an ingredient of the offense, as in the case of Sunday offenses. Bish. New Cr. Proc. Sec. 399 *et seq*.

It is further urged that the indictment as it went before the jury upon the second trial was the same indictment which had been presented to the former jury, and had written upon it their verdict, finding appellant guilty, and fixing his punishment at death, and that the action of the former jury thus displayed must have prejudicially influenced the minds of the jury who rendered the last verdict, and was in violation of section 270, Code Cr. Proc., which provides: "The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict can not be used or referred to in evidence or in argument."

But while it is true that the verdict of the former jury should not have been displayed to the jurors, and they should not have been permitted to take the indictment with the former verdict indorsed thereon, there is nothing in this record to show either that the jury had the indictment, or that, if they had it, the appellant objected thereto. The indictment as copied in the record shows the first verdict indorsed, and presumably the jury did not have the indictment, or the second verdict would have been also indorsed thereon, which does not appear.

The principal ground urged for reversal is that the jury were permitted to separate. It appears from the affidavits filed upon the motion for new trial that the jury were separated without any order of court, about half the number being taken in charge of a deputy sheriff to their rooms at the hotel, while the remainder went for a walk in charge of another deputy, visited a drug store, where one of them obtained some medicine, and a livery stable, where another juror made some arrangements about his horse. Both officers make affidavit that no communication was had with the jury while they were so separated, or at any time, upon any subject connected with the trial, or upon any subject, without the knowledge of one of the deputies. It further appears that, on the night after the submission, the jury were lodged in four rooms of the hotel, Nos. 40, 42, 43, and 44, which were not connecting rooms; that an unoccupied room (No. 41) was between room 40, in which the deputy was lodged, and room 42, to which some of the jury were assigned; that the room which the deputy occupied was that one furthest away from the entrance to the hotel. The officer makes affidavit that, save himself, no one was in or out of the rooms occupied by the jurors, except upon two occasions, when he accompanied a juror to

the water-closet; that no one during the night had any conversation with any of the jury; that there was no op-portunity for any juror to have been approached upon any subject; and that frequently during the night he visited the rooms where the jury were lodged.

It is manifest that the officer, in his affidavit, testifies to some things which were beyond his knowledge. He could not know what went on in the rooms while he was absent at the closet, nor could he know what took place in the other rooms when he was asleep in his room. It is manifest, that, admitting to be true all his statements of whose truth he could have knowledge, nevertheless the members of this jury might have been improperly approached twenty times over. This record discloses no ground for even a suspicion that such was the case; but the statute was designed to prevent the possibility of tampering with the jury, and also, as we think, to secure to the accused in a capital case an unbiased consideration of the facts by the whole jury, and to prevent, as far as might be by legislation, a few jurors conferring together, agreeing upon a verdict, and endeavoring to force their conclusion upon the rest of the jury. For the attainment of these purposes, the statute is imperative. It not only requires the jury to be kept together in such cases (Crim. Code, Sec. 244); but in section 245, as if to show the importance attached to this requirement, it is further provided that, "when a jury is kept together in charge of officers, the officers must be sworn to keep the jurors together, and to suffer no person to speak to or communicate with them on any subject connected with the trial, and not to do so themselves." Failure to administer this oath, when properly excepted to, is ground for reversal. Com. v. Shields, 2 Bush, 83. Section 246 provides for the admonition of the

jury at each adjournment as to speaking with one another, or permitting any one to speak with them, on any subject connected with the trial. Section 247 requires "a suitable room" to be provided for their use. Section 251 authorizes the court, by order, to permit a juror temporarily sick to be separated from the other jurors. These provisions secure to the accused, as well as to the Commonwealth, a valuable right; and, while we see no reason to believe that any undue influence was attempted to be exerted upon any juror in this case, it is evident that such negligence as that displayed here, where the officers, with the oath to keep the jury together still fresh on their lips, took half the jury for a walk, and the other half to the hotel, will, if indulged by the courts, so impair the right as to render it valueless. As well said by Judge Hazelrigg, in French v. Com., 18 Ky. Law Rep., 576 [47 S. W. 269], speaking of occasions when a separation of the jury was required by accident or other cause of such an imperative character as would be the sickness of a juror: "Certainly, the mere convenience or comfort of a juror ought not to be held to furnish such a cause. This safeguard of the ancient law, alike vitally important to the State and to the accused, must not be impaired or frittered away. Manifestly, the occasion here furnishes no cause for the separation within a fair construction of the law; and, if it did, it must yet, in all cases of separation, be shown clearly by the State that no opportunity has been afforded for the exercise of improper influences on the juror." In that case the juror was allowed, with the assent of the judge, and in company with the deputy sheriff, to go to his place of business for the purpose of closing his house, and was absent some twenty minutes, having gone in the meantime to his house and to the Pendennis Club. In that

case proper exception was taken, and the judgment was reversed.

But we are confronted here with the question whether we have jurisdiction to consider this error, which was for the first time presented upon the hearing of the motion for a new trial. It is urged that in McDowell v. Com., 4 Ky. Law Rep. 354, it was held by Judge Hines (according to the abstract, the opinion not being obtainable) "that exceptions first raised on motion for new trial can not be considered by this court, save in exceptional cases where the court has ruled erroneously, and the accused had no opportunity to except earlier than on motion for new trial." In the first place, while it may be inferred from the affidavit of counsel filed upon the motion for new trial in the case at bar that he learned for the first time of the separation of the jury after the verdict had been rendered, it is not definitely so stated. Moreover, the doctrine there laid down, if applicable to this case, has been subsequently overruled in several opinions, and notably in an opinion by the same judge, which will be referred to. It may be also remarked that the exception as shown by the abstract was evidently *obiter dictum*, for the case was affirmed. It is also urged for appellant that this court has, in more than one case, considered this question when raised for the first time upon a motion for a new trial, namely, in Blyew v. Com., 91 Ky. 201 [15 S. W. 356], and Minor v. Same, 5 Ky. Law Rep. 176. This question was presented and considered also in Holly v. Same, 18 Ky. Law Rep. 441 [36 S. W. 532]. But in each of those cases it was decided that the action of the lower court in overruling a motion for new trial was proper, as the statutory requirement had not been substantially violated. But in Kennedy v. Same, 14 Bush,

344, in a carefully considered opinion by Judge Cofer, it was said: "The decision of the court upon a motion for a new trial is not subject to exception. Section 281, Crim. Code; Terrell v. Com., 13 Bush, 246. An exception in a criminal case 'shall be shown upon the record, by a bill of exceptions, prepared, settled, and signed, as provided in the Code of Practice in Civil Cases.' Section 282, Crim. Code. As the appellant had no right to except to the order overruling his motion for a new trial, he had no right to have a bill of exceptions exhibiting anything brought into the record for the first time on that motion; and, as he had no right to have such a bill of exceptions, it constitutes no part of the record, and can not be considered by this court; and consequently we can not know that any such error as that complained of was committed. We have no power to look into a bill of exceptions which the Legislature has declared should not be allowed, or into a general bill for matters not the subjects of exception, and then to reverse for an alleged error thus improperly appearing in the transcript. We must reverse for any error of law appearing in the record to the prejudice of the appellant, but this only applies to such errors as the party had a right to manifest by bill of exceptions; and as a bill of exceptions, not only not authorized, but expressly prohibited by law, is no part of the record, and error in respect to any of the matters which, under section 281, can not be excepted to, is not an error appearing 'in the record,' within the meaning of section 340. And, for the same reason, we can not consider the alleged errors in not keeping the jury together, and permitting the attorney for the Commonwealth to go out of the record to make statements concerning the character of the appellant. Had the court

been appealed to, to stop that course of argument, and refused to interfere, the question might have been different. No such appeal was made, and consequently the court made no decision on the subject until it came to rule on the motion for a new trial; and for error in that, we have already seen, we have no power to reverse." And in Redmon v. Com., 82 Ky. 336, Judge Hines, delivering the opinion of the court, stated that the doctrine laid down in Kennedy v. Same was uniformly followed until the case of Paducah & E. R. Co. v. Same, 80 Ky. 147, which decided a question similar to the one presented adversely to a long line of opinions. The Paducah & E. R. Co. case was expressly overruled in the case of Redmon v. Com. Said Judge Hines in the Redmon case (pages 335 and 336), discussing the Crim. Code, secs. 280-282, 340: "From these provisions of the Code the jurisdiction of this court to try and determine felony cases is derived. The Constitution confers no jurisdiction upon this court in such cases, but authorizes the Legislature to grant such jurisdiction as it may think proper. We have no more right to depart from or to enlarge the limits of the jurisdiction, as prescribed by statute, than we would have to assume jurisdiction in case the Legislature had seen fit not to confer any appellate jurisdiction. Rutherford v. Com., 78 Ky. The Code, as quoted, provides that we may consider and reverse in criminal cases where the error appears on the record by bill of exceptions, presented in the manner prescribed, and also provides that the error here complained of (overruling a motion for new trial) shall not be subject to exception. We can no more consider an alleged error so presented than we could a case in which there was no bill of exceptions, for in fact a bill

[8]

of exceptions not authorized is no bill. We have nothing to do with the policy or impolicy of conferring jurisdiction, in criminal cases, upon this court, whether limited or unlimited. That belongs to the legislative department. Errors such as that complained of here were left to the discretion of the lower or trial court, where the whole jurisdiction might have been left if the Legislature should have thought proper." After careful consideration by the entire court, we think that the argument of this opinion, which has been followed in numerous cases, construing section 281, Crim. Code, is unanswerable. Hunt v. Com. 11 Ky. Law Rep. 353 [12 S. W. 127]; York v. Same, 82 Ky., 362; Com. v. Hourigan, 89 Ky., 308 [12 S. W. 550.] The judgment is therefore affirmed.

Judge Guffy, dissents from that part of the opinion which holds this court has no jurisdiction to review the error complained of.