## Steele v. Commonwealth.

(Decided June 15, 1923.)

### Appeal from Whitley Circuit Court.

1. Criminal Law—Former Opinion Held Law of Case as to Evidence and Instructions.—A former opinion is the law of the case on a subsequent appeal from a conviction after a trial upon substantially the same evidence, and under instructions conforming to that opinion, and precludes defendant from raising, and the court from reconsidering, either the instructions or the sufficiency of the evidence to sustain the verdict, even though on the last trial defendant's punishment was fixed at more than double the length of the imprisonment fixed at the first trial.

2. Homicide—Dying Declaration Made in Extremis is Competent.—A statement made by decedent, when he was in extremis and abandoned all hope of recovery, was properly admitted in a prosecution for homicide as a dying declaration.

3. Criminal Law—Objection and Exception Former Verdict was Indorsed on Indictment Given to Jury Necessary.—While it is error to give the jury an indictment upon which a former verdict of conviction is indorsed, it is not reversible error, unless the defendant objected and excepted thereto at the time, and he is not excused from doing so, even though he did not know of such indorsement, since due diligence required him to know thereof.

4. Criminal Law—Question as to Other Offenses by Accused Held Reversible Error.—Where a former opinion reversing a conviction had held that evidence of other offenses by accused was incompetent in the case, repeated questions asked by the prosecuting at-

torney at a subsequent trial to get those offenses before the jury, was misconduct requiring a reversal of the case, even though objections to the questions were sustained by the court.

STEPHENS & STEELY and H. C. GILLIS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant has been tried three times for killing Alonzo Bledsoe. The first trial resulted in a hung jury. Upon a second trial, he was convicted of manslaughter, and sentenced to five years' confinement in the penitentiary. That judgment was reversed by this court in an opinion reported in 192 Ky. 223, 232 S. W. 646, where a full statement of the evidence for and against the defendant may be found. Upon substantially the same evidence, and under instructions conforming to that opinion, defendant was again convicted of manslaughter on the last trial.

Since, under the uniform decisions of this court, that opinion is the law of the case, it obviously precludes defendant from raising and us from reconsidering either the instructions or the sufficiency of the evidence to sustain the verdict, even though on the last trial defendant's punishment was fixed at twelve years in the penitentiary.

Two other grounds upon which defendant seeks a reversal of the judgment are, that the court erred in admitting a dying declaration of decedent, and in permitting the indictment to go to the jury with endorsement thereon of the verdict on the second trial.

It was thoroughly established, and without contradiction, that when decedent made the statement admitted as a dying declaration, he was *in extremis* and had abandoned all hope of recovery, and there is no merit in this contention.

While it is error to give the jury an indictment upon which a former verdict of conviction is endorsed, it is not reversible error unless the defendant objected and excepted thereto at the time, and he is not excused from so doing even though he did not know of such endorsement; as due diligence required him to know thereof. Vinegar v. Commonwealth, 104 Ky. 106, 46 S. W. 510;

Williams v. Commonwealth, 182 Ky. 711, 207 S. W. 447. As defendant did not thus raise the question below, he can not raise it here.

The remaining complaint is of the conduct of the Commonwealth's attorney in persisting in asking improper and prejudicial questions for the purpose of getting before the jury defendant's commission of other offenses. Upon the former appeal of this case, the introduction of such evidence, even though later excluded from the jury's consideration, was assigned as error, and while the reversal was not based on that ground, we devoted a considerable portion of the opinion to a consideration of the question, and concluded our discussion thereof as follows: "Measured by the foregoing principles we find that the offenses about which accused was interrogated, and to which objection was made, were entirely disconnected and distinct from the crime for which he was being tried. They show no, motive for the commission of the crime charged; they were not committed for the purpose of enabling accused to commit the offense under trial or to enable him to conceal it, therefore any evidence as to these offenses, was improperly admitted. It is said that any prejudicial effect arising from the admission of such testimony was removed by the court's admonition to the jury at the close of all the evidence not to consider it, but since a new trial will be ordered for other reasons, and the attorney representing the Commonwealth will be careful not to interrogate accused along these lines upon a retrial, we deem it unnecessary to discuss the effect of this testimony."

Notwithstanding this plain injunction, that upon a retrial of the case evidence of defendant's guilt of other offenses should not be introduced and that accused should not be interrogated along these lines, the attorney for the Commonwealth repeatedly and persistently interrogated accused about these matters, and, although the court sustained objections to practically every one of these questions, they were so formed that in our judgment he succeeded in conveying to the jury the information that the defendant, in addition to killing decedent, had committed most, if not all, of the crimes referred to in our former opinion.

More flagrant misconduct upon the part of a Commonwealth's attorney has not been called to our attention, and the court should have prevented it, instead of merely

sustaining objections to the many questions, which this court had already held should not even be asked. The impropriety of such conduct, even when it had not been expressly forbidden like it was here, as well as the fact that the Commonwealth does not desire and will not accept convictions so obtained, has many times been pointed out by this and other courts. Shipp v. Commonwealth, 124 Ky. 643, 99 S. W. 945; Bennett v. Commonwealth, 175 Ky. 540, 194 S. W. 797; Jones v. Commonwealth, 191 Ky. 485, 231 S. W. 31, 12 Cyc. 572.

In the recent case of Stewart v. Commonwealth, 185 Ky. 34, 213 S. W. 185, after calling attention to the rule which requires the reversal of a judgment obtained in a civil case by such means, we said:

"There is every reason why the same rule should apply to a criminal prosecution, where the life or liberty of the defendant is at stake, and so it has been held that where the attorney for the Commonwealth persists in asking improper and prejudicial questions, for the purpose of getting before the jury evidence which the law does not permit them to hear, the judgment of conviction will be reversed, since the refusal of the court to permit the witness to answer cannot remove the prejudicial effect which the questions had on the minds of the jury. Cargill v. Commonwealth, 13 S. W. 916. Under this rule, the conduct of the Commonwealth's attorney was such as to require a reversal of the judgment."

And so in this case, while we find no other error in the record, the conduct of the Commonwealth's attorney was such as requires a reversal of the judgment, under both the above rule and our former opinion in this case.

Wherefore the judgment is reversed, and the cause remanded for a trial in accordance with our directions.