## Smith v. Commonwealth.

(Decided Feb. 12, 1935.)

THOMAS G. MOONEY, HENRY S. McGUIRE and N. EVERETT FREY for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

James Smith has been convicted of the crime of murder, and his punishment fixed at death.

In his motion for a new trial he relied upon three grounds, viz.: (1) Because the court did not properly instruct the jury; (2) because the verdict was flagrantly against the evidence; (3) because the special commonwealth's attorney addressed the jury in a manner calculated to inflame their passion and arouse their prejudice.

On this appeal, grounds 1 and 3 have been expressly abandoned, it being conceded that correct instructions were given and that the argument of the special commonwealth's attorney was not improper, and ground 2 is not argued. The ground now chiefly urged for a reversal of the judgment is the alleged prejudicial error of the trial court in permitting the jury to take to the jury room the indictment which contained the verdicts of two juries at former trials finding appellant guilty and fixing his punishment at death.

Appellant, a negro, shot and killed Leslie Poyntz, also a negro, on January 12, 1932. At his first trial, held on February 1, 1932, the jury failed to agree. At two subsequent trials he was convicted, and in each instance his punishment was fixed at death. These two verdicts were set aside by the trial court on the ground, as we are informed by appellant's brief, of newly discovered evidence.

Appellant became enamored of Margaret Poyntz, wife of Leslie Poyntz, and, according to his own testimony, he went to the Poyntz home to live in September, 1932, upon the invitation of Margaret Poyntz. They were guilty of illicit sexual relations, but Leslie Poyntz apparently never suspected his wife of infidelity. Shortly before the killing, Margaret Poyntz found another admirer, Polk Davis, whom she married after her husband's death. On the day of the killing, appellant, Polk Davis, and Clarence Sidney were at the Poyntz home. Davis left in the afternoon. Poyntz was absent at work, but returned to his home about 6 o'clock. After the evening meal had been served, appellant, Clarence Sidney, Poyntz, and his wife retired to the sitting room, and after a few minutes of tense quiet Margaret Poyntz and Sidney left the room, and appellant claimed that, when they returned, he observed a

pistol in Sidney's pocket. He went upstairs, procured a shotgun and a pistol, returned to the lower floor, and, while standing in the door leading from the sitting room into the kitchen, raised the shotgun and fired at Margaret Poyntz, wounding her in the arm. Leslie Poyntz immediately rushed into the kitchen, and appellant shot him first with the shotgun and then with the pistol. There is no evidence that any one present was making a demonstration toward appellant when he shot at Margaret Poyntz. The only reasonable inference from the evidence is that he fired the shot while in a jealous rage, and, while it might be legitimately argued before the jury that such degree of premeditation as would warrant the extreme penalty was absent, that was a question for the jury to determine. It cannot be said that the verdict is flagrantly against the evidence.

Appellant cannot avail himself of the remaining ground relied upon for a reversal of the judgment, since no objection was made nor exception taken to the action of the court in permitting the jury to take to the jury room the indictment with the written verdicts thereon of two juries which had found appellant guilty at previous trials. This alleged error was not even made a ground for a new trial in the circuit court. The same question has been raised in a number of cases that have been before this court, and we have uniformly held that the defendant could not take advantage of the alleged error upon appeal when there was no objection made at the trial and the question was not properly raised below. Steele v. Commonwealth, 199 Ky. 760, 251 S. W. 1014; Williams v. Commonwealth, 182 Ky. 711, 207 S. W. 447; Vinegar v. Commonwealth, 104 Ky. 106, 46 S. W. 510, 20 Ky. Law Rep. 412; Cargill v. Commonwealth, 93 Ky. 578, 20 S. W. 782, 14 Ky. Law Rep. 517; Herrold v. Commonwealth, 8 S. W. 194, 10 Ky. Law Rep. 70.

We find no error prejudicial to appellant's substantial rights, and the judgment accordingly is affirmed.

The whole court sitting.