## Swango v. Commonwealth.

Oct. 2, 1942.

Leebern Allen for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Woodford Swango appeals from a judgment sentencing him to the penitentiary for two years upon a conviction for unlawfully detaining a woman, Bonnie Ledford, against her will in violation of section 1158 of the Kentucky Statutes.

The first ground urged for reversal is that error was committed in refusing to continue the case on account of the absence of a material witness, Omer Hollon. Upon the calling of the case for trial an affidavit was filed setting out that the testimony of this absent witness and stating that the appellant could not obtain the proper effect of the testimony without the presence of the witness in court. The testimony of the absent witness was in effect a complete refutation of the testimony of the prosecuting witness. However, the Commonwealth's Attorney consented for this affidavit to be read as the testimony of the absent witness and it was read to the jury. In spite of this, appellant now contends that prejudicial error was committed against him in refusing to continue the case. We think there is little merit in the contention. Section 189 of the Criminal Code of Practice provides for the reading of such an affidavit as the deposition of an absent witness and provides that the attorney for the Commonwealth shall not be compelled in order to prevent a continuance to admit the truth of the affidavit but only that the absent witness would testify as alleged in the affidavit. This was done. The section referred to does provide that the court may, when the ends of justice require, grant a continuance unless the truth of the matter alleged in the affidavit be admitted, but, in construing this section, we have held that a case should not be reversed for failure to sustain a motion for a continuance unless it shall affirmatively appear that the overruling of such a motion abused a sound discretion. Bishop v. Com., 240 Ky. 494, 42 S. W. (2d) 742; Pierce v. Com., 214 Ky. 454, 457, 283 S. W. 418. It does not appear to us that the court abused its discretion in overruling the motion for a continuance.

It is further insisted that the trial court committed prejudicial error in refusing properly to admonish the jury as to the effect to be given by the jury to the affidavit read as the testimony of the absent witness. This ground, even if it were meritorious (and we do not think it was), may not be considered, since the record shows that no request for such an admonition was made and no exception taken to the failure of the court, if there was such failure, to give the admonition nor was this alleged error made a ground for a new trial in the circuit court. Smith v. Com., 258 Ky. 482, 80 S. W. (2d) 565; Jones v. Com., 238 Ky. 453, 38 S. W. (2d) 251.

The final contention is that the trial court failed to instruct the jury, in effect, that the law presumes the innocence of the accused. We have frequently denied this contention and held that the only instruction of this character authorized is one as to reasonable doubt substantially in the language of section 238 of the Criminal Code of Practice (which was given in this case) and that an instruction such as is suggested by appellant is unauthorized as being too favorable to the defendant. Mink v. Com., 228 Ky. 674, 15 S. W. (2d) 463; Brown v. Com., 198 Ky. 663, 249 S. W. 777. As a matter of fact the identical instruction which counsel for appellant set out in their brief and contend should have been given was condemned by this court in Com. v. Stites, 190 Ky. 402, 227 S. W. 574.

Judgment affirmed.