Gaylon McCLOUD, Appellant,

v.

· COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 11, 1960.

Tom Garrett, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The appellant, Gaylon McCloud, was indicted for carnally knowing, with her consent, a female over 12 and under 16 years of age. He was tried in McCracken Circuit Court, found guilty and given a 10-year sentence. That judgment was appealed to this Court, where it was reversed. McCloud v. Commonwealth, Ky., 303 S.W. 2d 299. On February 17, 1959, he was again tried, found guilty, and his punishment fixed at five years in the penitentiary. He has again appealed to this Court.

This case was set for trial on February 17, 1959. The Commonwealth's Attorney had agreed with appellant that he would recommend payment of a $500 fine upon a plea of guilty, if the court would approve such action. On February 14, 1959, appel-

lant had subpoenas issued for his witnesses, but did not deliver them to the sheriff for execution. On February 16, 1959, the court refused to approve the proposed recommended settlement and the appellant thereupon delivered the subpoenas to the sheriff with directions to serve them. On the date of the trial four defense witnesses were absent. The Commonwealth's Attorney agreed that affidavits concerning testimony of three of said witnesses might be read, and that such affidavits would fairly represent testimony of the witnesses if they were present. He would not agree to the reading of a similar affidavit concerning testimony of the fourth witness, in view of the fact that such witness was shown to be in McCracken County and was within the jurisdiction of the court. The court overruled appellant's motion for a continuance on the ground that due diligence had not been exercised to obtain the presence of witnesses and appellant objected and excepted to such ruling.

Appellant now complains that the court abused its discretion in overruling said motion. It is within the discretion of the court to grant a continuance if the ends of justice so require. However, where it is shown that lack of due diligence is the reason the witness is not present it is within the discretion of the court to refuse to grant a continuance. This case on a prior occasion had been continued by the court, but for some time it had been set for February 17, 1959. The appellant had had ample time to contact and learn the whereabouts of his witnesses. It is not unusual for consideration to be given the effect of a plea of guilty and for a recommendation to be made by the Commonwealth. However, it is palpably evident that the court alone may make the final determination thereon. It was doubtless within the discretion of the court to determine that failure to have subpoenas served until approval or disapproval of an agreed plea was lack of due diligence.

The court properly overruled the motion for a continuance because due dili-

gence was not exercised by appellant to secure the presence of his witnesses. The Commonwealth nevertheless agreed that affidavits setting out the testimony of three witnesses might be read. The appellant cannot now be heard to complain that the affidavit of a fourth witness, whom he failed to produce, was not read. Nor can he sustain his allegation that he was entitled to a continuance because the Commonwealth's Attorney refused to admit the truth of the affidavits admitted. The court may grant a continuance if the truth of the matter in the affidavits is not admitted, but if it fails so to do, such failure must be affirmatively shown to be an abuse of discretion. Swango v. Commonwealth, 291 Ky. 690, 165 S.W.2d 182. We find no abuse of discretion here.

■ Appellant insists that the verdict is against the law and the evidence and is the result of passion and prejudice of the jury. The testimony of the prosecutrix is to the effect that appellant picked her up at a tavern in Littleville, Kentucky, took her to his apartment in Paducah and had sexual intercourse with her there; that they later went to Illinois in company with another couple and then returned to appellant's apartment where all four of them spent the night. She further testified that she had been away from home for approximately one week and had spent each of the nights at a different place. The prosecutrix' mother testified concerning her daughter's age and habits. A deputy sheriff testified that he had been directed to search for prosecutrix and that he had found her in an apartment in Paducah. The fact that the sex act occurred was shown solely by the testimony of the prosecutrix. In Fugate v. Commonwealth, 291 Ky. 793, 165 S. W.2d 573, 574, it was stated:

"* * * It has, therefore, been our consistent ruling in cases of this character that a verdict rested upon uncorroborated testimony of the victim will be sustained unless her story was

so highly improbable as to disclose its untruth."

The jury was sufficiently advised that appellant and the girl were together at the times and places shown. Being also advised of her past conduct and demeanor it was justified in believing her account of the relations with appellant. It cannot be said, under the circumstances, that her story was so highly improbable as to disclose the untrue. Nor is there reason to assume the verdict was the result of passion and prejudice as evidenced by the minimum penalty invoked.

■ Appellant complains that the court erred in permitting the introduction of certain evidence by the Commonwealth. No exception was taken to the court's ruling on some portions thereof, consequently, appellant has no cause for complaint there. Evidence pertaining to the reputation of prosecutrix was admitted, following cross-examination of the girl, which elicited facts concerning her conduct with other men. The cross-examination having put her moral character at issue, it was proper to allow evidence to rebut any inference theretofore made. Grigsby v. Commonwealth, 299 Ky. 721, 187 S.W.2d 259, 159 A.L.R. 196. At another point the mother was permitted to testify concerning a conversation she had with a boy to whom her daughter was engaged. Objection was seasonably made and appellant's motion to strike and for the court to admonish the jury was sustained. The record does not disclose that the court actually admonished the jury. It appears to us that, although the question was improper, it cannot be said to have been prejudicial to appellant, and in addition thereto the motion made was sustained by the court in the presence of the jury.

On the whole case we find no prejudicial error to have been committed.

The judgment is affirmed.