**Billy Ray BREWER, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Supreme Court of Kentucky.

Jan. 14, 1977.

Jack Farley, Public Defender, Timothy T. Riddell, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Frankfort, Deedra Benthall-Nietzel, Asst. Atty. Gen., Lexington, for appellee.

PER CURIAM.

Billy Ray Brewer appeals from a judgment entered on a jury verdict finding him guilty of the crime of theft by unlawful taking (KRS 514.030) and fixing his punishment at one year in prison.

Brewer took a 1975 Honda trail bike from the premises occupied by Martin Joseph Stepp. After the trail bike disappeared, Stepp conducted a search, and with the assistance of police officers, finally located the bike in West Virginia in the possession of Brewer. Brewer asserts upon this appeal that a confession made by him subsequent to his arrest was obtained without his being afforded the rights granted by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and without the presence of counsel. Subsequent to Brewer's arrest, he was returned to Kentucky and incarcerated in a local jail. While so confined, he discussed his problem with a police officer and the jailer and caused the officer to prepare a confession which he executed

in the presence of the officer and the jailer, who signed as witnesses. He now asserts that he did not knowingly and intelligently waive his constitutional rights, predicating his claim upon a medical report which indicated that he was "of low functioning intellectual level with poor insight and judgment."

The trial court, in an in-chambers hearing, ruled that the confession was admissible. Brewer testified in his own behalf, and although he was somewhat hesitant, he admitted that he was the person who had taken the trail bike and that he had it in his possession at the time it was recovered by the police. This court does not find anything to substantiate Brewer's claim that his constitutional rights were violated.

Brewer contends that the judgment entered on the jury verdict should be vacated because the trial court failed to follow the presentencing procedures required by KRS 532.050 and KRS 533.010 (Kentucky Penal Code).

KRS 532.050 provides in part as follows:

"(1) No court shall impose sentence for conviction of a felony, other than a capital offense, without first ordering a presentence investigation (after conviction)[1] and giving due consideration to a written report of such investigation.

\* \* \* \* \* \*

"(4) Before imposing sentence, the court shall advise the defendant or his counsel of the factual contents and conclusions of any presentence investigation or psychiatric examinations and afford a fair opportunity and a reasonable period of time, if the defendant so requests, to controvert them. The sources of confidential information need not, however, be disclosed."

The judgment entered by the trial court on January 3, 1976, was prepared on a printed form in which required information concerning the particular prosecution had been inserted in appropriate blank spaces.

There is nothing in the judgment indicating that the trial court ordered the presentencing investigation required by KRS 532.-050(1) or considered any such presentencing report or informed the defendant or his counsel of the factual contents of the report as required by KRS 532.050(4). · The ordering of a presentencing investigation and consideration of the written report of such investigation is made mandatory by the statute. The court is also mandatorily required to advise defendant or his counsel of the factual contents and conclusions of the investigation and to afford him an opportunity to controvert them should they be adverse to the interest of the defendant. This section of the statute is the same as Section 3425 of the final draft of the Kentucky Penal Code. An .examination of the commentary to this draft discloses the proposed scope of this section. This commentary states:

"In deciding upon the disposition of a convicted offender, especially with the many alternatives provided by this code, a court cannot be expected to discharge its responsibilities without full and accurate information about that offender. Such information usually cannot be gained from a trial of the charges resulting in the conviction. This is especially true where the power to assess the quantity of punishment is left, at least in part, for the jury. In recognition of this, Subsection (1) *requires* a trial judge to receive and consider a presentence report about all persons convicted of felonies. \* \* \*." (Emphasis ours.)

The requirement placed upon a trial court by the statute is mandatory and does not afford a trial judge the privilege or discretion of determining whether the report will be requested, obtained, or considered. It is a "must" and is in fact a prerequisite to the entry of a valid judgment. In view of the mandatory character of this requirement, the record of the proceeding should clearly disclose the fact that

1. The words "after conviction" added by amendment. See Kentucky Acts, 1976, Chapter 183, Section 5, page 428, effective 6–19–76.

the trial court has fully complied with KRS 532.050 by requesting a presentence investigation, examining and considering the written report as supplied, and informing defendant or his counsel of the factual contents and conclusions contained in the report and the fact that the defendant either requested or did not request time within which to controvert the factual data contained in the report.

KRS 533.010 provides as follows:

"(1) Any person who has been convicted of a crime and who has not been sentenced to death may be sentenced to probation or conditional discharge as provided in this chapter.

(2) Before imposition of a sentence of imprisonment the court shall consider the possibility of probation or conditional discharge. After due consideration of the nature and circumstances of the crime and the history, character and condition of the defendant, probation or conditional discharge should be granted unless the court is of the opinion that imprisonment is necessary for protection of the public because:

(a) There is substantial risk that during a period of probation or conditional discharge the defendant will commit another crime; or

(b) The defendant is in need of correctional treatment that can be provided most effectively by his commitment to a correctional institution; or

(c) A disposition under this chapter will unduly depreciate the seriousness of the defendant's crime."

Brewer argues that under this particular section of the statute the trial court is required to consider the question of probation or conditional discharge and to make a record of such consideration and the reason for selecting a particular alternative. The statute also provides that probation or conditional discharge *should* be granted unless the court is of the opinion that imprisonment is necessary for protection of the public. KRS 533.010(2)(a) through (c) prescribe guidelines to be used by the trial court in making the determination mandated by the statute. Although Brewer argues it to be mandatory upon the court to consider and make a record of its action under KRS 533.010, the statutory requirement is that the court *should* grant probation or conditional discharge within the guidelines established by the statute. This determination by the court is discretionary rather than mandatory. Yet, the statute requires that probation or conditional discharge be given consideration. KRS 533.010 is taken verbatim from the final draft of the Kentucky Penal Code, Section 3505, except for the deletion of the penalty "life imprisonment without privilege of parole."

The drafters of the code, in discussing the section, remarked as follows:

"This section provides that encouragement [rehabilitation] in several specific ways. First of all, Subsection (1) provides that probation or conditional discharge may be granted to any offender, without regard to the seriousness of the offense, unless that offender has been sentenced by a jury to death or life imprisonment without privilege of parole. This provision reflects the judgment that powerful and important mitigating circumstances may exist even with commission of the most serious of criminal offenses. No reason exists for denying to the trial court sufficient flexibility to exercise discretionary judgment as to probation or conditional discharge following conviction of such a crime. * * *.

It is to be acknowledged that the trial court must be granted substantial discretion in deciding upon the disposition of convicted offenders. * * *."

The commentary, in comparing the section as adopted with the existing law, stated the differences between the two to be:

"Section 3505 [KRS 533.010] makes two basic changes in this law. It first requires the judge to consider probation or conditional discharge before imposing a sentence of imprisonment and does not make this subject to a request by the offender. Secondly, it provides guidelines by which the trial judge should ex-

ercise his discretion in deciding upon the disposition of an offender."

Even though the trial court had discretionary authority under KRS 532.050 regarding the granting of parole or conditional discharge, it was required to consider the feasibility of this procedure. In view of this rule, the record of the proceedings leading up to the entry of the judgment should clearly reflect the fact that the consideration required by KRS 533.010 had been afforded the convicted person before judgment was finally entered.

The judgment entered upon the jury verdict in this proceeding is now vacated and the case remanded to the Martin Circuit Court for resentencing after there has been a compliance with KRS 532.050 and KRS 533.010.

All concur.