Michael TAYLOR, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

April 1, 1977.

Discretionary Review Denied
June 29, 1977.

J. Vincent Aprile, II, Asst. Public Defender, Frankfort, for appellant.

Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

Michael Taylor was convicted by a Franklin Circuit Court jury of violating *Ky.Rev. Stat.* Ch. 515.030 (hereinafter KRS), to wit second degree robbery. Evidence was presented that Taylor along with an accomplice went twice to the home of James Maddox on the evening of February 16, 1976. On the second visit when Maddox again would not allow them to enter his home, Taylor hit him and took his wallet and house key. Taylor and Maddox were the only witnesses to testify at the trial. Maddox testified that he had known Taylor for approximately 15 years and was certain he was the person who robbed him. The appellant denied the robbery testifying that he was in a parked automobile with three other persons the entire evening.

Defense counsel tendered and requested that an instruction on presumption of innocence be given to the jury. The trial court refused the request, but gave an instruction on reasonable doubt. The appellant contends that he was substantially prejudiced by the trial court's failure to instruct on presumption of innocence. We

find no evidence to support this contention. The well established law of Kentucky has been that as long as the trial court instructs the jury on reasonable doubt an instruction on the presumption of innocence is not necessary. *Mink v. Commonwealth,* 228 Ky. 674, 15 S.W.2d 463 (1926); *Swango v. Commonwealth,* 291 Ky. 690, 165 S.W.2d 182 (1942). We find no reason to change the established law on this point.

■ The second error appellant asserts on appeal is that he was substantially prejudiced by the trial court's failure to instruct on the indictment's lack of evidentiary value. We find no merit in the appellant's argument that failure to give such an instruction denies the defendant due process of the law.

■ In his closing argument the prosecutor made reference to facts which had not been placed into evidence concerning the defendant's character. While the Kentucky court has held in several cases that such remarks are improper and allowed reversal of the case on that point, the defendant failed to object to these remarks thus not preserving them for appellate review. *Lynch v. Commonwealth,* Ky., 472 S.W.2d 263 (1971). We do not feel that the statements meet the standard of prejudice of being so apparent and great as to result in a manifest injustice as set forth in *Ferguson v. Commonwealth,* Ky., 512 S.W.2d 501 (1974) and *Futrell v. Commonwealth,* Ky., 437 S.W.2d 487 (1969), to allow reversal on the impropriety in the argument despite defendant's failure to object at the proper time.

■ The appellant contends that no presentencing investigation was made in his case as required by KRS 532.050 before he was sentenced nor was the question of probation or conditional discharge as provided in KRS 533.010 considered. It appears after examining the record that these allegations are correct. The recent Supreme Court case of *Brewer v. Commonwealth,* Ky., 550 S.W.2d 474 (1977) (24 Ky.Law Summary 1) held that the requirements of KRS 532.050 are mandatory and not within the discretion of the trial court judge. In regard to KRS 533.010 the Supreme Court in *Brewer, supra* stated that this determination by the court is discretionary rather than mandatory but stated that the statute requires that probation or conditional discharge be given consideration.

Therefore, we find no error in the verdict of the jury, but we do find error in the trial court's sentencing procedure. On the latter point, this case is reversed with directions to the Franklin Circuit Court to take appropriate action consistent with this opinion.

HAYES, J., concurs.

WILHOIT, J., dissents.

WILHOIT, Judge, dissenting.

I respectfully dissent from so much of the opinion of the majority as holds that an instruction on the presumption of innocence when requested need not be given by the court because the instruction on reasonable doubt suffices. It strikes me as bordering on the fatuous to say that a jury must be instructed on one of the most basic principles of our criminal law but not the other. The reason given for this anomaly in Kentucky jurisprudence has heretofore been that an instruction on the presumption of innocence is "too favorable to the defendant", *Swango v. Commonwealth,* 291 Ky. 690, 165 S.W.2d 182 (1942). Most of those rights embodied in the modern concept of due process are "favorable to the defendant", but that is their very reason for existence. Not every person charged in a criminal complaint or indicted by a grand jury is guilty of a crime. In recognition of this, our system has built in certain safeguards to protect the innocent. One of these safeguards is the so-called presumption of innocence of a criminal defendant. There is certainly no such presumption in the minds of jurors about to try a case. In fact, by the time the indictment is read to the jurors, the opposite presumption is likely to be present in their minds. The law builds in the presumption of innocence, but it is of no use to the defendant if the jury is never told about it.

While an instruction on reasonable doubt does much the same thing that one on the presumption of innocence would do, I believe there is a subtle distinction between the two and one does not completely perform the job of the other. As pointed out by Wigmore, the concept of presumption of innocence "cautions the jury to put away from their minds all of the suspicion that arises from the arrest, the indictment, and the arraignment and to reach their conclusion solely from the legal evidence adduced." He further points out that this caution is "indeed particularly needed in criminal cases". IX J. Wigmore, *Evidence* § 2511 (3d ed. 1940).

I believe the Supreme Court of Kentucky would now reject the old line of cases relied upon by the majority.