**John Patrick DOOLAN a/k/a John P. Brittain, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

May 2, 1978.

Jack E. Farley, Public Defender, J. Vincent Aprile, II, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

The appellant, John Patrick Doolan, also known as John P. Brittain, was indicted by the McCracken County Grand Jury on three separate counts of second-degree robbery. He pled guilty in open court to each count. The trial court accepted the plea of guilty and sentenced the appellant to ten years on each of the three charges. Two of the sentences were to run consecutively and the third sentence was to run concurrently, for a total of 20 years' imprisonment. An appeal was perfected to this court. It was apparent that the trial court had not complied with the mandatory presentencing provisions of KRS 532.050. In a memorandum opinion rendered by this court on March 11, 1977, we reversed the judgment of the trial court and remanded the action for resentencing. In accordance with our mandate, the trial court resentenced the appellant on June 27, 1977.

The appellant now contends that the trial court again failed to follow the directives of this court and the relevant portions of the presentencing statute.

KRS 532.050 provides as follows:

"*Presentence procedure for felony conviction.*—(1) No court shall impose sentence for conviction of a felony, other than a capital offense, without first ordering a presentence investigation after conviction and giving due consideration to a written report of such investigation.

(2) The report shall be prepared and presented by a probation officer and shall include an analysis of the defendant's history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation, personal habits, and any other matters that the court directs to be included.

(3) Before imposing sentence for a felony conviction, the court may order the defendant to submit to psychiatric observation and examination for a period not exceeding sixty (60) days. The defendant may be remanded for this purpose to any available clinic or mental hospital or the court may appoint a qualified psychiatrist to make the examination.

(4) Before imposing sentence, the court shall advise the defendant or his counsel of the factual contents and conclusions of any presentence investigation or psychiatric examinations and afford a fair opportunity and a reasonable period of time, if the defendant so requests, to controvert them. The sources of confidential information need not, however, be disclosed."

During the resentencing the trial court allowed the appellant to examine a copy of the original presentencing report. The appellant raised two objections to the report, both of which are in issue on this appeal

First, it is apparent from the record, and the Commonwealth concedes, that the presentencing report had not been revised or updated. That is, the trial court relied on the same presentencing report that had been utilized at the former sentencing. Thus the report was prepared approximately 16 months prior to the sentencing in issue on this appeal. When the appellant discovered this he objected, arguing that the report was outdated. The trial court declined to order an updated report, stating:

"Well, I think certainly that that would be something to consider should he make application for shock. However, I might remind you that it would be my opinion that the presentence report that existed at the time of the original sentencing that he claims that he did not have access to, which was on my desk. I thought I mentioned it, perhaps I didn't; but that's beside the point; but I would say that would be applicable to this sentencing, because what theoretically, I guess, would be considered would have been his record based on the Probation and—the presentence report by the Probation and Parole Office as of the time he was sentenced for that conviction; and not such as has occurred since then or may have; * * *"

The court offered to permit the appellant, if he so desired, to add something to the report. Without a current report it would be impossible for the court to appraise the defendant's physical or mental condition, his family situation or background, or his economic status, education, occupation, personal habits, or any other factors that the court may deem necessary and proper to consider in determining whether sentence should be imposed at that time.

Secondly, the appellant informed the trial court that some of the information contained in the report was erroneous. Specifically, the report listed two prior felony convictions in the state of Illinois. The appellant contends that neither of those convictions was properly attributable to him since one of the convictions had been reversed by the Illinois appellate court and the other criminal charge had been dismissed. The trial court did not deem it necessary to postpone sentencing until the veracity of the appellant's claims could be fairly and accurately authenticated.

A careful examination of the statute and the applicable case law leads to the inescapable conclusion that the trial court erred in not securing a current presentencing report and by not affording the appellant a fair opportunity to contradict the

information contained therein. *Brewer v. Commonwealth*, Ky., 550 S.W.2d 474 (1977). It may be that a revised presentencing report would have elicited no new information which would have altered the appellant's sentence. On the other hand, a revised report may have presented an entirely different factual structure. It may also be that the appellant will be unable to substantiate his contention that the prior criminal offenses listed in the report are not properly attributable to him. Nevertheless, the statute provides for a presentencing report and affords the appellant the right to controvert any information contained therein. To affirm the judgment of the trial court under these facts would be to disparage the logical intent and purpose of the statute.

The appellant also complains that the judgment did not provide credit for the time he had served prior to his most recent sentencing. KRS 532.120 entitles him to that credit and the judgment will so provide.

The judgment is reversed and the case remanded to the McCracken Circuit Court for resentencing, consistent with this opinion.

All concur except CLAYTON, J., who makes the following dissent.

CLAYTON, Justice.

I respectfully dissent on the grounds that I believe the trial judge substantially complied with the statute in question.