**Nathaniel ARNOLD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Oct. 31, 1978.

Terrence R. Fitzgerald, Daniel T. Goyette, Jefferson Dist. Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Carl T. Miller, Jr., Martin Glazer, Asst. Attys. Gen., Frankfort, for appellee.

JONES, Justice.

The principal question for decision is whether the failure of the trial court to follow mandatory presentencing procedures requires the remand of this case for proper sentencing.

Nathaniel Arnold was convicted of shooting a security guard in the face while committing a robbery. He was convicted of armed robbery and assault. A judgment was entered sentencing him to two concurrent 20-year terms of imprisonment. From that judgment Arnold appeals.

Arnold's contention is simply that this case must be remanded for resentencing. In support of his argument, he relies on this court's decision in *Brewer v. Commonwealth*, Ky., 550 S.W.2d 474 (1977), in which this court held presentence procedures to be prerequisites to the entry of a valid judgment. He contends also that KRS 532.-050(1) requires the trial court to obtain and duly consider a presentence report.

This court has reviewed the entire record. The only reference to sentencing and a presentence report was made by the trial court at the close of the trial when he stated in substance that the case would be passed until November 11, 1977, for sentencing and a presentence report. There is not a shred of evidence that the trial court followed the procedures set out in KRS 532.050 or that he complied with the procedures mandated in *Brewer, supra*. In *Brewer, supra,* this court held:

> "The requirement placed upon a trial court by the statute is mandatory and does not afford a trial judge the privilege or discretion of determining whether the report will be requested, obtained, or considered. *It is a 'must' and is in fact a prerequisite to the entry of a valid judgment.* (Emphasis added). In view of the mandatory character of this requirement, the record of the proceeding should clearly disclose the fact that the trial court has fully complied with KRS 532.050 by requesting a presentence investigation, examining and considering the written report as supplied, and informing defendant or his counsel of the factual contents and conclusions contained in the report and the fact that the defendant either requested or did not request time within which to controvert the factual data contained in the report."

Noting that sentencing has recently taken on greater significance under state and federal law, Arnold argues that public policy would best be served by a rule of this court requiring creation of an adequate contemporaneous record of sentencing procedures in every case unless a knowing and intelligent waiver appears on the record.

He insists that such a rule would protect the rights of defendants and significantly reduce the volume of needless post-conviction litigation.

The Commonwealth concedes that the record fails to show compliance with *Brewer, supra,* but submits that this case should not be remanded for resentencing. Instead it argues that *Brewer* should be overruled and that the rule enunciated in *Brewer* should be replaced by a rule requiring resentencing only where the record fails to show that the defendant was represented by counsel at sentencing or that the provisions of KRS 532.050 were complied with. The Commonwealth argues that because Arnold was represented by counsel at sentencing, the proposed new rule would eliminate the need to resentence him. The Commonwealth maintains that resentencing is a waste of time and money since the end result would ordinarily be the same as that in the former proceeding.

The Commonwealth requests this court to declare KRS 532.050 unconstitutional as an invasion by the Legislature of the power of this court to make procedural rules.

KRS 532.050(1) provides that:

"No court shall impose sentence for conviction of a felony, other than a capitol offense, without first ordering a presentence investigation and giving due consideration to a written report of such investigation."

The Commonwealth contends that this court has the inherent power to disregard a statutory enactment relating to judicial procedure. It views KRS 532.050 as an unworkable, unnecessary statute which results in waste of judicial time and taxpayers' money. Be that as it may, this court has said on numerous occasions that the requirement placed upon a trial court by KRS 532.050 is mandatory, and does not afford a trial judge the privilege or discretion of determining whether the report will be requested, obtained, or considered. As late as April 11, 1978, this court held that strict compliance with KRS 532.050 and *Brewer, supra,* was necessary. *Nickell v. Commonwealth,* Ky., 565 S.W.2d 145 (1978).

This court is not convinced by the earnest argument of the Commonwealth that *Brewer, supra,* should be modified. There is no need to decide whether KRS 532.050 violates the doctrine of separation of powers, because this court is willing to follow its provisions as a matter of comity.

It appears to this court that some trial judges consistently fail to comply with the procedures outlined in *Brewer, supra,* and with the provisions of KRS 532.050. Although the court has said that judges *must* comply with the principles mandated by *Brewer, supra,* and KRS 532.050, it is necessary to say it again. This court has no desire to be unduly critical of trial judges who fail to play by the rules. The court however is certain that at some point in time the trial judges who fail to follow KRS 532.050 and *Brewer, supra,* will understand that this court has said again and again that compliance with KRS 532.050 and *Brewer, supra,* is absolutely necessary.

The record reflects that the trial court failed to comply with the mandate of KRS 532.050. The Commonwealth concedes that he did not. Therefore, this cause is remanded for resentencing in conformity with *Brewer, supra.*

All concur.